KATHERINE MILDRED RUFNER, petitioner-appellant,

*v.*

FRANK T. RUFNER, defendant-respondent.

[Argued October 24th, 1941. Decided January 29th, 1942.]

194

*Messrs. Breslin & Breslin (Mr. John J. Breslin, Jr.,* and *Mr. James A. Major),* for the defendant-respondent.

*Mr. Thomas L. Zimmerman, Jr.,* for the petitioner-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

The present appeal is from a decree of the Court of Chancery modifying the provisions of a previous decree in which were embodied provisions for maintenance comprised in a written agreement of the parties. The subject is factual and therefore addresses itself to the discretion of the court as to the appropriateness of the disposition that was made.

A decree *nisi* was entered in favor of the petitioner-appellant in an undefended action for divorce, which became final on June 10th, 1935. There had been a previous agreement of

support, and its terms were included in the decree, the original of the agreement being filed in the Court of Chancery. The decree directed the defendant-respondent to pay $50 weekly for the support and maintenance of the appellant and two daughters; also to convey to the petitioner the dwelling house which the parties had occupied, with defendant to pay the taxes thereon; also that defendant should pay from time to time sums necessary for the education of the daughters, including costs of attendance in college should the children desire that. Defendant conveyed the dwelling house premises, paid the taxes, in general complied with the agreement and decree for nearly five years, and his two daughters were entered in Cornell University. Thereafter he reduced the weekly payments from $50 to $30, and fell in arrears for tuition charges at the university. When the lesser payments to petitioner continued for thirty weeks, she brought suit to compel obedience to the terms of the decree, and to have defendant adjudged in contempt. Defendant alleged the cost of tuition for the two daughters for a single year was $2,680, that his financial means made it impossible to meet that expense and that the $20 difference in the weekly payment to petitioner was applied towards the debt due for tuition fees.

Reference was made to the advisory master, who took testimony, and upon his recommendation the terms of the decree for maintenance were altered so as to direct the husband to pay $20 a week for the support of the petitioner, also $12.50 weekly for each daughter, and dispensing with the provision requiring the education of the daughters in college. The application to hold in contempt was denied.

Petitioner appealed on all counts, maintaining that there should have been no reduction in the aggregate weekly amount, that it was erroneous to subdivide this between petitioner and the daughters, and that there was basis to hold defendant in contempt. At the argument, however, petitioner abandoned the part of the appeal relating to contempt, and that phase need not now be regarded.

The evidence to corroborate defendant's own proofs as to his worth and income consisted chiefly of testimony of the bookkeeper of the company in which he was primarily inter-

ested and in which he was employed. The books themselves were not produced. Petitioner urged objection to oral testimony in the absence of the records. The objections were overruled, the advisory master stating the course for petitioner in such case could be to withdraw from the proceedings. Such a ruling could very readily result in chaotic and confused situations and is naturally not approved. But the books were available if desired. Access to them was not denied. Readiness to produce them was evinced, and there was not made manifest any particular urge or desire on the part of petitioner for scrutiny of the books themselves. While oral testimony is less to be preferred when records are at hand, there was nevertheless sufficient to justify the conclusion reached to the effect that the business of defendant had declined, that it was operating at a loss, that defendant was heavily indebted, and that payment on his part of a total of $45 per week, besides providing a dwelling house for petitioner, represented reasonable and adequate provision from him under the circumstances.

There is no weight to the objection against subdivision of payment between the petitioner and the daughters. This is a matter of practical administration for which the conditions supply justification. Nor is there any inequity in the elimination of the mandate to keep the daughters in college. One of them has reached her majority and the other has been employed for a year. The evidence is barren of any proof that they wish to return to college. Even so, it is not part of a father's duty to send his children to college, irrespective of circumstances and as a *sine qua non*. While it is helpful and desirable to give children the best education procurable to equip them for the tasks and demands of life, whether this can extend to the range of collegiate courses must necessarily depend on the income and financial capabilities of the parent.

The earlier decree embodying provision for the college education and for $50 weekly to the petitioner is not immutable. Nor is the agreement between the parties containing those provisions unequivocally and unalterably enforceable. The agreement became merged in the decree. *Corbin* v. *Matthews* *129 N. J. Eq. 549*. It is the prerogative of the court to

moûld its own decrees in maintenance causes to conform with shifting circumstances. Such plasticity has been stressed as an innate attribute of an award for support. Petitioner could not maintain, as was contended, the right forever to receive $50 per week, regardless of changed conditions. Both the agreement and the decree set forth the payment was for the support of herself and the two children, not for her alone. The present decree revises the total sum to meet present facts. It also segregates into separate parts what previously was constituted in a single suit. Such separation is appropriate in view of the existing status of the daughters. It tends to a division of the weekly aggregate on the basis of individual needs and more readily lends itself to correctness of distribution.

The decree of the Court of Chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.