The plaintiff was granted a divorce from the defendant in 1934. The final decree awarded her custody of the four minor children of the marriage and directed the defendant to pay $30 per week for the support and maintenance of the divorced wife and the children. In November, 1947, the plaintiff filed a petition setting forth her remarriage in 1939, that three children had attained majority but that a daughter, Doreen, aged nineteen was unable to work and that defendant had made no payments under the final decree since February, 1942. The petition concluded with a prayer that the court fix the fair amount of "alimony" due and owing from the defendant. An order to show cause issued why the court should not fix "the fair and equitable amount of the unpaid alimony * * * for the support of infant child Doreen Davis" and in due course came on for hearing and the court, on January 9, 1948, ordered the defendant to pay $1,000 in weekly installments of $10 in settlement of the then arrearages of support and maintenance and further ordered him in addition to pay $10 each week for support and maintenance of Doreen Davis until the further order of the court. In May, 1948, defendant ceased payments under the order of January 9th and in November, 1948, moved to vacate it. The motion to vacate was denied and the court on April 22, 1949, ordered payment of $370 representing arrearages for support and maintenance of the daughter from May 21, 1948, to January 28, 1949, at $10 per week, together with $510 representing the unpaid balance of the $1,000 theretofore ordered to be paid. The appeal seeks to reverse the order of April 22, 1949, on the ground that it is an order for alimony and that the court had no right to make any order touching alimony after the wife's remarriage. R.S. 2:50-38. *Page 61 
The ground asserted is frivolous since the order under appeal is clearly one for support and maintenance of the daughter and not one for alimony although the word "alimony" appears in one place in the order, obviously through an oversight. It is next said that since the daughter was self-supporting, no support and maintenance should have been awarded. It appears from the affidavits that the daughter was in ill health and that her working periods were seriously interrupted by illness. In this situation we are of the opinion that the order under appeal was correctly made and it is affirmed.