10 N.J. Super. 406 (1950)
76 A.2d 818
MILDRED A. ROTH, PETITIONER-PLAINTIFF,
v.
WILLIAM ROTH, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 22, 1950.
*408 Messrs. Eisenstein & Eisenstein, attorneys for plaintiff.
Mr. Julius Kwalick, attorney for defendant.
PINDAR, A.M.
On September 6, 1941, plaintiff (as petitioner) filed her petition to be divorced of her marriage with defendant on the ground of simple desertion, also for alimony *409 for herself and for custody and support of a child then eleven years of age. After due service and defendant's failure to answer, the cause was heard ex parte, resulting in the entry on October 22, 1942, of a decree nisi which became final January 23, 1943. In said decree it was "further ordered, the defendant consents thereto (sic) that the defendant pay the sum of $100 Dollars a month for the support of the petitioner (now plaintiff) and their child Vilma Roth." The defendant made certain payments during varying periods as hereinafter set forth. It should be stated here that plaintiff remarried in February, 1943, and the defendant in August, 1943; also that the child who will be twenty years old in December, 1950, has since the decree been raised in the mother's custody. The said order is still in effect and has not been modified.
Plaintiff on notice of motion and affidavit now seeks (1) an order adjudging defendant in contempt for failing to comply with the support provision of the nisi; and (2) entry of a judgment fixing the amount of arrears due under said order. That application being resisted, the parties by order dated July 7, 1950, were directed to offer oral proofs which were taken at an adjourned date. At the close of the hearing decision was reserved.
As credibly appears in the proof the defendant paid plaintiff $100 monthly from October, 1942, to February, 1943, about when he entered the military service; and from February, 1943, to August 31, 1943, $50 monthly; from September 1, 1943, to April, 1944, or May, 1944, $30 monthly; and from April, 1944, or May, 1944, to October 1, 1945, $20 monthly, was paid plaintiff through Government allotments, which ended then upon defendant's discharge from the service. Thereafter, defendant paid plaintiff $40 monthly until June, 1949, when he discontinued all payments. However, defendant under the order dated July 7, 1950, has paid $40 monthly since June 23, 1950. It will be noted that this varying manner of making support payments, the remarriage of plaintiff in February, 1943, and the absence of an allocation *410 of support fixed in the nisi, combine the bases for determination of the issues at bar.
If the admitted remarriage of plaintiff was the only circumstance no difficulty whatever would confound the court, for that fact alone requires a vacation of the order for allowance (alimony). See R.S. 2:50-38, and the case of Madden v. Madden, 136 N.J. Eq. 132 (E. & A. 1944). But here by the direct terms of the order this court has found that the child should share in the award. It cannot be disputed that the loss by statute of a right to have alimony in the event of remarriage will not deprive a child of its right to have support and maintenance from its father, for his duty in that respect is continuous with necessity. The law recognizes an essential difference between the two. See Davis v. Davis, 5 N.J. Super. 59 (App. Div. 1949). Certainly, the mere failure to allocate the allowance in the case sub judice will not justify a characterization of the entire award as alimony to the exclusion of the child. Rather, I believe, that question must be determined equitably between the wife and child. Obviously, the court by its order of October 22, 1942, intended to provide for the child as well as the plaintiff, and that intention will not be defeated for lack of express words. "Equity looks to the intent rather than to the form." Defendant's duty to pay alimony for the use of plaintiff and his continuous duty to support and maintain his child will support but one conclusion  that by the nisi defendant was required to do both. Whatever relief he may be entitled to as to one duty will not nullify the other. Instead, when, as here, the intention expressed in the nisi is that defendant perform his paternal duty, the form of that provision will be molded to conform with the intent and purpose of the relief adjudicated, and this court will act and assume the duty to do what in good conscience ought to be done. I am satisfied that the situation here presented is one which is directed to and concerns the prerogative of this court to mold this decree to conform with the shifting circumstances that exist in the case at bar. Rufner v. Rufner, 131 N.J. Eq. 193 (E. & A. 1941).
*411 My conclusion in that respect is with full awareness of what the proportionate share of the allowance theretofore made was intended for the benefit of the child. In other words, what proportion of the $100 monthly award would have been a reasonable sum within the discretion of the court on the date of the decree to support and maintain the child Vilma under the circumstances then existing. Manifestly, no supplementary application to modify the original allowance having been made, the allocation of such amount as fixed herein shall run from the nisi date without fluctuation. So considered the modification nowise contravenes what was intended by the decretal provision for support as contained in the nisi.
The proportionable figures for the stated purpose can be found in the prior record. As appears therein the family, before the unfortunate fracture of their relationship, lived under moderate standard conditions. Defendant's salary was approximately $65 weekly, which permitted seasonal vacations, use of an automobile, and a comfortable home. Plaintiff was employed and her earnings enhanced that of the defendant. The child was carefully raised and was afforded some special education. It clearly appears that the home was better than average. Due consideration of the circumstances existing on the date of dissolution shows that the reasonableness of the amount of support found by the learned Advisory Master was at the rate of approximately one-third of defendant's income. Of that sum I believe a share of slightly more than one-third was intended for the child. It will not be gainsaid that the court considered the plaintiff's earnings as a means to supplement her personal needs. Other facts or circumstances do not concern my conclusion in this respect.
While the issues on plaintiff's application are as hereinbefore set forth, I am satisfied that in the form and manner the proofs were taken at the hearing there was raised the questions of (1) vacation of plaintiff's right to alimony after her remarriage; (2) the defendant's duty to continue to render support and maintenance for the child Vilma and, if any, in what amount with respect to the necessity therefor, or the *412 vacation thereof upon the fact that the said child is capable to sustain herself. Although the record shows references were made to the absence of any application to have the award modified in those respects, a review of the proofs indicates that both parties were examined and offered proof thereon to such extent that the further issues were fully presented and tried. In fact by stipulation the parties submitted for use of the court in reaching its determination certain medical certificates which directly concern the physical condition and capabilities of the child Vilma. Those certificates would have no relevancy on either of the directly raised issues. It will be further noted that the decretal order fixed no period of operation and is otherwise silent as to continuance. Moreover, it is clearly settled by law that the questions here involved are continually and wholly within the jurisdiction of this court. Therefore, I conclude that the aforesaid additional issues are in fact before the court without objection for determination under the authority of the provisions of Rule 3:15-2. The proceedings before the court will be amended accordingly.
Coming now to the question of defendant's duty to continue support for the child, careful analysis of the proof convinces me that the obligation therefor should be arrested. Vilma at her present age of twenty years has grown to be an attractive young lady. My observation of her while a witness satisfies me she is intelligent, possesses good character, and has an appealing personality. Her education includes a completed four-year high school commercial course, which has qualified her for general business employment. She appears to enjoy good health except in the instance of a persisting difficulty relating to female pathology. That condition causes ill and disabling periods. However, the medical proof relating to the extensiveness of that ailment is controversial and contradictory with regard to her ability to be employed. While it is urged by the plaintiff that Vilma is not able to work, there is no showing that any actual effort to seek employment has been made. Such contention is entirely negative *413 and not convincing. Rather I am brought to the belief that the time and occasion has arrived for Vilma to take her place in some worldly endeavor for which she is adequately fitted, for a successful and contented career.
Finally, the obvious necessity for this application prompts me to suggest that in every appropriate case the order for support and maintenance ought to provide for a proper allocation of any allowance as between the parties affected thereby and included therein. In such event need for a supplementary application upon a similar change of circumstances will be eliminated, much expense saved, and ensuing difficulties avoided.
In view of what has been said and after full consideration of the applications now before the court and all the circumstances appearing; I will advise orders to provide as follows: (a) That the contumacy of the defendant has not been shown and an order therefor should be denied; (b) that the provisions of the nisi for the payment of alimony to the plaintiff should be vacated as of February, 1943; (c) that the provisions of the nisi for the payment of support and maintenance be modified nunc pro tunc as of the date thereof so as to provide for allocation of the sum of $100 monthly as an award of $65 monthly as alimony for the plaintiff, and $35 monthly as support and maintenance for the infant Vilma; (d) that plaintiff have judgment of arrears for support and maintenance of the child in such amount as may result after a calculation at the rate of $35 monthly from October 22, 1942, to November 22, 1950, less credit for all amounts of money paid by the defendant personally or by reason of Government allotment, from and after the date of the nisi, which net sum may be paid in installments of $20 semi-monthly; and (e) that as of and from November 22, 1950, payments for support and maintenance of said child Vilma shall be vacated. However, provision that defendant pay for necessary medical and dental expenses may be provided for the child of the marriage.
An order in conformity with the foregoing conclusions shall be advised.