12 N.J. Super. 496 (1951)
79 A.2d 863
IDA MALKIN, PLAINTIFF-APPELLANT,
v.
HARRY MALKIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1951.
Decided April 4, 1951.
*498 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Irving Siegler argued the cause for plaintiff-appellant (Messrs. Siegler & Siegler, attorneys).
Mr. Herbert J. Kenarik argued the cause for defendant-respondent.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The plaintiff was granted a decree nisi on August 14, 1946, under which the plaintiff was awarded the custody of the two infant children of the marriage and the defendant was ordered to pay to the plaintiff the sum of $60 per week for the support and maintenance of the plaintiff and the two infant children, to pay the carrying charges on the home occupied by the plaintiff and the children, and to purchase the clothing for the children. On March 17, 1950, a consent order was entered which struck from the decree nisi the order that the defendant pay the carrying charges on the home occupied by the plaintiff and the children, and added to the decree nisi a further order requiring the defendant to furnish each child with a complete four-year college education, upon certain terms not pertinent to this appeal.
The plaintiff remarried on July 30, 1950. After July 24, 1950, the defendant made no further payments to the plaintiff for her support and maintenance or for the support and maintenance of the children. On September 26, 1950, the plaintiff gave notice of a motion for (1) an order adjudging the defendant in contempt for failure to comply with the terms of the decree nisi, as modified by the order of March 17, 1950; and (2) an order to determine the amount of support and maintenance for the infant children in lieu of "the present order." On November 1, 1950, the order, presently under appeal, was entered. This order denied the plaintiff's application to hold the *499 defendant in contempt and continued all provisions of the decree nisi, as amended and modified by the order of March 17, 1950, except the provision requiring the defendant to pay to plaintiff $60 per week for the support and maintenance of the plaintiff and the two infant children, which provision was amended to read: "Ordered the said defendant to pay to the plaintiff the sum of $25.00 per week at the beginning of each and every week from the 20th day of October, 1950, for the support and maintenance of the two infant children of the marriage."
The plaintiff argues (1) that the award of $25 per week for the support and maintenance of the two children is grossly inadequate based on the facts presented below, and (2) that the trial court erred in allowing defendant to escape payment for the support and maintenance of his infant children for the period between July 24, 1950, and October 20, 1950.
The matter was heard below on the affidavit of the plaintiff and the answering affidavits of the defendant. The allegations in the affidavits as to the defendant's assets, earnings and scale of living were in conflict. Although the defendant offered to substantiate the allegations in his affidavits, the plaintiff sought no opportunity for examination thereon, but chose to have the whole matter determined on the affidavits. Cf. Rufner v. Rufner, 131 N.J. Eq. 193 (E. & A. 1942). The trial court found that, under all the circumstances, adequate and reasonable provision for the children would be made by requiring the defendant to pay $25 per week for their support and maintenance, in addition to paying for their clothing and furnishing a college education. There is sufficient support in the record for this finding and we see no justification for disturbing it.
Under R.S. 2:50-38, the remarriage of the plaintiff terminated her right to alimony; and the provisions of the decree nisi and the modifying order of March 17, 1950, requiring the defendant to make payments for the support and maintenance of the plaintiff became ineffective as of the date of such remarriage. Madden v. Madden, 136 N.J. Eq. 132 *500 (E. & A. 1945); Houghland v. Houghland, 19 N.J. Misc. 474 (Ch. 1941); cf. Savoie v. Savoie, 26 N.J. Misc. 67 (Ch. 1947). This statute, however, does not affect the obligation of the father to provide for the support and maintenance of his children; the obligation is a continuing one and does not cease simply because the mother remarries. After the mother's remarriage, the provisions of the order requiring the defendant to purchase the clothing for the children, to furnish a college education for each child, and to make weekly payments for the support and maintenance of the children continued in effect, but the amount of the weekly contribution was left undetermined. In such case, when the periodic amount which the father should contribute is determined, and it appears  as it does here  that he has not made such contribution during the interim, the order should ordinarily require him to do so. Cf. Davis v. Davis, 5 N.J. Super 59 (App. Div. 1949). This defendant made no contribution after July 24, 1950. No reason was given by the trial court and no satisfactory reason has been advanced before us for the failure to require the defendant to make the weekly payments beginning as of July 24, 1950.
The order under appeal, as so modified, is affirmed. The defendant shall pay the plaintiff's costs and a counsel fee of $100 on this appeal.