53 N.J. Super. 84 (1958)
146 A.2d 541
MILDRED LYONS FERREIRA, PLAINTIFF,
v.
FLORENCE E. LYONS, EXECUTRIX OF THE ESTATE OF FRANK J. LYONS, DECEASED, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 28, 1958.
*85 Mr. Harold Krieger (Mr. John J. Carlin, appearing), attorney for plaintiff.
Messrs. Kreamer & Kreamer (Mr. Albert H. Kreamer, appearing), attorneys for defendant.
HEGARTY, J.S.C.
The pleadings and pretrial order herein reveal, chronologically, events upon which the present action is brought. The proofs offered make clear the existence of a claim that is to be resolved in the light of its own peculiar facts and circumstances when subjected to the provisions of the governing statute and applicable decisional law.
*86 On July 18, 1934, in Chancery of New Jersey, Docket No. 98/136, plaintiff was granted judgment nisi for absolute divorce against Frank J. Lyons and therein was awarded custody of the infant child of the marriage, Jean Marie Lyons, born April 21, 1929, with support for herself and said child in the sum of $20 per week. Final judgment (divorce) was entered on December 10, 1934.
In 1937 plaintiff and child went to live in Florida. On September 1, 1942 plaintiff remarried. Frank J. Lyons married the defendant herein on March 23, 1936. The claim now being urged, and for which judgment is sought, is that Frank J. Lyons did not comply with the order of court respecting support for her and the said child, made only token payments on account thereof, and finally ceased to pay. No court action was taken by plaintiff after the payments were stopped and no contact was had by her with Frank J. Lyons for many years prior to his death which occurred on September 28, 1955. The last will and testament of Frank J. Lyons was dated December 2, 1945 and, after providing for the payment of debts, the defendant, Florence E. Lyons, was duly appointed therein executrix of the estate of Frank J. Lyons, deceased.
Plaintiff, on October 28, 1955, filed a claim with the said executrix for the sum of $14,361.55 with interest thereon, totalling the sum of $20,763.56, alleged to be due her. The defendant denied payment thereof.
The applicable statute is as follows:
N.J.S. 2A:34-25.
"If after the judgment of divorce the wife shall remarry, the court shall not make any order as to the alimony of such wife except that upon application of the former husband, on notice and on proof of the marriage of the former wife after the judgment of divorce, the court shall modify any order or judgment as to the alimony of the former wife by vacating and annulling any and all provisions in any such order or judgment, or both, directing the payment of money for the support of the former wife."
There is no doubt that the provisions of the above cited statute are mandatory. Defendant's counterclaim seeks *87 the annulment and vacation of the order for support. The statute resting on public policy finds approval in our decisional law. In actions governed thereby the court is precluded from exercising its discretion and it must not refuse to invoke the statutory directive. The authority for this rule is found in Savoie v. Savoie, 26 N.J. Misc. 67, 68 (Ch. 1947), where the court said:
"The language of this enactment is very broad. It forbids the making of `any order touching the alimony of such wife' and it imposes on the court a mandatory duty to vacate and annul `any and all provisions in any such order or decree directing the payment of money for the support of the former wife.' By necessary implication, cancellation of arrearages is included in the broad sweep of the statute. This is so because before arrearages can be ripened into the form necessary for execution purposes an order of the Court is required. Such an order fixes the lump sum of the arrearages and upon application therefor, a Writ of Execution may be issued to collect that sum. If contempt proceedings are pursued, again, an order of the Court is required, fixing the full sum of the default and either committing the defendant to jail until payment is made, or directing payment in some other fashion, such as by installments. Since no order can be made after the remarriage, obviously there can be no judicial determination of a single lump sum due under the order or decree involved.
* * * In Madden v. Madden, 136 N.J. Eq. 132; 40 Atl. Rep. (2d) 611, where the question of the effect of remarriage on arrearages was directly in issue, he reiterated his earlier view, saying:
`The statute forbids the making of any order "touching the alimony," which of course includes orders * * * in contempt and all other orders intended to enforce collection * * *.'

* * * * * * * *
Arrearages * * * do not become vested * * * or take in the attributes of a judgment * * * of a fixed sum until [Chancery] so orders. No such order was made in this case."
As already noted, the child of the marriage, Jean Marie Lyons, became 21 years of age on April 21, 1950, and was married on June 12, 1950. Before revising her claim, as hereinafter noted, it was plaintiff's contention that, in addition to the amount due to her for alimony and for support and maintenance of the said child up to the date of plaintiff's remarriage on September 1, 1942, she would be entitled to receive thereafter one-half of the $20 weekly order *88 for the support of the child until the child attained her majority on April 21, 1950. This assumption is arbitrary in aspect and avoids any reference to gainful employment of the infant prior to reaching the age of 21 years and leaves out of consideration the power of the court to act in such cases. In this connection it would be proper, if it were necessary, to revise the award of $20 per week so as to allocate a portion thereof as alimony for plaintiff and the remainder for the support and maintenance of the child. In Rufner v. Rufner, 131 N.J. Eq. 193, 196 (E. & A. 1941), it was held:
"It is the prerogative of the Court to mould its own decrees in maintenance causes to conform with shifting circumstances. Such plasticity has been stressed as an innate attribute of an award for support. * * *."
This rule is followed in Roth v. Roth, 10 N.J. Super. 406 (Ch. Div. 1950).
The situation concerning the claimed arrearages for the child poses the question as to whether or not, in the circumstances, a recovery can be had therefor.
In Slep v. Slep, 43 N.J. Super. 538 (Ch. Div. 1957) the court said:
"With respect to the enforcement of the allowance for children, the methods available are the same as those for the enforcement of the orders for support of a wife."
However, a memorandum filed by plaintiff on April 25, 1957 contains the following language:
"Even though the Pretrial Order provides that the plaintiff is seeking in this suit a sum approximating $14,000.00, the plaintiff waives any excess over the sum aforementioned, ($7,341.55) but including interest, so that all claims under the decree nisi subsequent to the marriage of the plaintiff on September 1st, 1942, are hereby waived in these proceedings."
As revised, plaintiff's proofs show that the principal sum sought is $7,281.55, with interest.
*89 There has been no showing that there is any statutory authority to allow interest on past due arrearages of alimony and support. Rather, it would appear the court has discretion in making such allowance in a proceeding where the facts of the case warrants the exercise of that power.
Obviously the mandatory provisions of the statute, N.J.S. 2A:34-25, and public policy underlying its enactment, do not make the right to apply for modification personal to the husband and, in cases where the husband dies before making appropriate application, his representative, upon whom such liability attaches, may apply for such modification and it will relate nunc pro tunc as of the time of the remarriage of plaintiff, on September 1, 1942, to all unpaid alimony and support.
Upon a consideration of all the circumstances appearing, I find and conclude that plaintiff has failed to substantiate her claim for arrearages, in revised amount, for which she demands judgment. Accordingly, her complaint will be dismissed. The defendant's counterclaim for vacation and annulment of the said order for support of plaintiff and child will be granted.
Judgment in accordance with above findings. See R.R. 4:55-1.