GRACE M. BLACKSHEAR (NOW KNOWN AS GRACE M. STUBBINS) *v.* ROY S. BLACKSHEAR.

No. 4871.

January 4, 1971.

Richardson, C.J., Marumoto, Abe, Levinson and Kobayashi, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal comes from the lower court's denial of certain motions filed by appellant, Roy S. Blackshear, between July and December 1967 concerning child support for his four children decreed on August 19, 1964, when a divorce was granted to the appellant and the former Mrs. Blackshear, the appellee. Additionally, by his motions, appellant sought to deny his parentage of two of the four minor children involved in this case.

On August 18, 1964, the parties filed with the lower court an agreement which specified in a separate provision the amount of child support to be paid by the appellant for the support of the four minor children of the marriage. All four children were designated by name. This agreement was then approved by the court and incorporated in the divorce decree issued the next day.

Because of alleged extraordinary expenses and for other reasons, appellant in the latter part of 1967 sought to have the agreed upon child support payments modified by the court. Appellant also attempted to place evidence before the court that two of the four children thought to be of the marriage were not fathered by him.

The court, based on R.L.H. 1955, § 325-2(c),[1] ruled that it had "no jurisdiction" to alter the child support provisions of the parties' agreement. The matter of legitimacy was found to be res judicata.

Appellant's position as to their parentage is without merit, this issue having been finally adjudicated below. The lower court erred, however, in refusing jurisdiction of appellant's motion concerning modification of the child support payments.

Judicial reliance below on R.L.H. 1955, § 325-2(c) is misplaced. The fundamental purpose of R.L.H. 1955, § 325-2 was to remove a married woman's common law contractual disabilities and to equalize the rights of both husband and wife.[2] Thus, under section (c) of this law a wife contemplating divorce could henceforth contract with her husband regarding *her* future support.

We find no infringement intended in R.L.H. 1955, § 325-2(c) upon the court's statutory authority under

[1] This provision became HRS § 573-2(3) and was subsequently amended by S.L.H. 1969, Act 222, providing for continuing jurisdiction in child welfare matters.

[2] Senate Standing Committee Report re House Bill 165, Senate Journal 1945, p. 212.

R.L.H. 1955, § 324-38[3] to modify upwards or downwards *child* support in light of the changing circumstances of the parents and the needs of their children.

However, apart from the above-mentioned statutes and the lengthy analysis of each party devoted to the niceties of their construction, our courts have *inherent* continuing jurisdiction over a minor once the issue of his welfare is placed before them.

The existence of jurisdiction over a minor is acquired whenever one of our courts entertains a proceeding directly relating to his well-being. At this time the minor becomes a "ward of the court" subject to its inherent authority to insure his continuing well-being. *Addy* v. *Addy,* 240 Ia. 255, 260, 36 N.W.2d 352, 356 (1949); *Bartlett* v. *Bartlett,* 175 Ore. 215, 238, 152 P.2d 402, 411 (1944); *Doughty* v. *Engler,* 112 Kan. 583, 587, 211 P. 619, 621 (1923); *In re Badger,* 286 Mo. 139, 147, 226 S.W. 936, 939 (1920); Pomeroy, *Equity Jurisprudence,* § 1305 (5th ed. 1941).

Continuing jurisdiction over the four Blackshear children throughout their minority was thus acquired when the parties to this suit were divorced on August 19, 1964, and the decree gave life to the agreed child support provisions.

The court's inherent authority to protect and provide for the welfare of these children could not be abridged by an agreement of the parties. After submitting themselves to the jurisdiction of the court, the parties could not withdraw the children of the marriage from its protective custody. *Fuchs* v. *Fuchs,* 260 N.C. 635, 639, 133 S.E.2d 487, 491 (1963); *Grand* v. *Grand,* 163 A.2d 556, 557 (D.C. Mun. Ct. 1960); *Green* v. *Green,* 234 S.W.2d 350, 351 (Mo. App. 1950); *Emrich* v. *McNeil,* 126 F.2d 841, 844

---

[3] S.L.H. 1969, Act 222, amending HRS § 573-2(3), is the present counterpart.

(D.C. Cir. 1942); *Bridges* v. *Bridges,* 227 Ala. 144, 146, 148 So. 816 at 816 (1933).

That appellant seeks to have his child support payments reduced is not in itself inconsistent with the welfare of his children. His evidence of ability to pay and his children's needs must first be heard before such determination can be made. A court in its authority to oversee a minor's welfare may reduce child support payments set by agreement where circumstances so warrant. *Grunder* v. *Grunder,* 186 Kan. 766, 352 P.2d 1067 (1960); *Scarlett* v. *Scarlett,* 151 Cal. App. 2d 237, 311 P.2d 188 (1957); *Rufner* v. *Rufner,* 131 N.J. Eq. 193, 24 A.2d 180 (1942); *Goldman* v. *Goldman,* 282 N.Y. 296, 26 N.E.2d 265 (1940); *Adams* v. *Adams,* 2 Cal. App. 2d 173, 37 P.2d 729 (1934).

The matter of child support is remanded below for further proceedings consistent with this opinion.

*John E. Finney* (*Curtis W. Carlsmith* with him on the briefs, *Carlsmith, Carlsmith, Wichman & Case* of counsel) for defendant-appellant.

*Robert G. Hogan* (*Hogan, Howell & Rother* of counsel) for plaintiff-appellee.