BERTRAM I. COHEN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cohen v. Commissioner
Docket No. 6967-76.
United States Tax Court
T.C. Memo 1977-383; 1977 Tax Ct. Memo LEXIS 55; 36 T.C.M. (CCH) 1559; T.C.M. (RIA) 770383; November 3, 1977, Filed *55 Petitioner and his former wife entered into a separation agreement which was later incorporated in the decree of divorce, pursuant to which petitioner was obligated to pay for the support of his former wife and the children of their marriage. As the result of a dispute, petitioner ceased making payments just prior to the divorced wife's remarriage. She filed suit and pursuant to an order of the New Jersey Superior Court, petitioner was ordered to pay specific amounts for the period subsequent to the wife's remarriage. Under New Jersey law any "legal obligation" of the petitioner with respect to the payment of "alimony" terminated upon the wife's remarriage. Held: the payments covering the period subsequent to his former wife's remarriage are not includable in petitioner's former wife's income under section 71(a)(1) or deductible by petitioner under section 215. Hoffman v. Commissioner,54 T.C. 1607 (1970). Aaron Dines, for the petitioner. William J. Salica, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: Respondent determined deficiencies in petitioner's Federal income tax as follows: Taxable Year
Deficiency
1970
$ 5,381.62
1971
22,987.70
1972
9,414.83
1973
9,099.80
*57 The issue remaining for decision is whether payments made by petitioner during the years in issue to his former wife are deductible by petitioner under the provisions of section 215. [1]
The facts have been fully stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition herein, Bertram I. Cohen, hereinafter referred to as petitioner, resided in Paterson, New Jersey. Petitioner's Federal income tax returns for the years in issue were timely filed with the District Director of Internal Revenue, Newark, New Jersey. Petitioner was married to Helene Finaly Cohen, now Westreich, hereinafter referred to as Helene, from 1948 to 1965. Three children were born of that marriage. In 1965, and for all times since, petitioner was a resident of the State of New Jersey. On April 24, 1965, petitioner and Helene entered into an agreement providing for their separation and the disposition of their marital rights and obligations growing out of their marriage. The agreement *58 provided, in part, as follows: 5. (A) The Husband will pay to the wife for support of herself and the children the sum of $37,000.00 per annum which shall be payable weekly on Friday of each week consecutively commencing on the first Friday following the date of execution of this Agreement. Each weekly installment shall be in the sum of $711.50. For convenience, the sums payable under this Section sometimes called "Alimony" are referred to in this Agreement as "Periodic Weekly (Payments.)." (B) The foregoing sums shall be in payment and satisfaction of all costs, charges and expenses required for the maintenance of the Wife and children, of any nature and description except as modified in Section 6. 6. The foregoing Periodic Weekly Payments shall be subject to upward and downward adjustments in the events hereinafter described: (A) Should the children, or any of them, attend a school of secondary education which requires his (her) residence in such educational establishment or a college or institution of higher learning, the Husband shall at the time of the child's matriculation, pay the tuition, registration and entrance fees in addition to the foregoing Periodic Weekly *59 Payments. This obligation shall not terminate upon child's majority. All other costs and expenses for the child's maintenance in such educational institution shall be paid by the Wife out of the foregoing Periodic Weekly Payments. (B) Upon the emancipation of a child or his (her) pursuit of gainful employment or death or when he (she) shall attain the age of 21 years, whichever event occurs sooner, the Periodic Weekly Payments shall be reduced, for each such child, by $125.00, effective upon the occurrence of the event and thereafter. * * *
(D) In the event the parties shall be divorced and the Wife shall remarry or participate in a meretricious relationship, each Periodic Weekly Payment to be made under Section 5 shall be reduced by $336.50, effective upon the occurrence of such event and thereafter. In the event of the death of the Husband or Wife, all obligations of the Husband to the Wife under this Agreement shall cease and terminate forthwith, save only the rights of the Wife under Section 7 and for any arrears under Sections 5 and 6 of this Agreement. (E) In modification of Paragraph (B) of this Section, it is agreed that in the event any child shall cease permanently *60 to live with the Wife in her residence, the Periodic Weekly Payments provided for in Section 5 shall, as to each such child, be reduced by $125.00, effective upon the occurrence of the event and during such separation. However, this reduction shall not apply to absence of a child from the Wife's residence while at a school of secondary education or at college, camp, during vacation periods, or while in the custody of the Husband. On August 13, 1965, Helene received a Decree of Divorce from the Eighth Judicial District Court, Clark County, Nevada, which awarded custody of the children to Helene and further ratified, confirmed, approved and incorporated by reference the separation agreement. After obtaining the decree, Helene returned to her residence in New Jersey, where she continued to reside with her three children. In October 1965, Helene petitioned the Superior Court of the State of New Jersey, Bergen County, for an order modifying the agreement in certain respects. On January 12, 1966, the court ordered that "the support agreement of the parties executed on April 24, 1965, be and is hereby confirmed, ratified and approved" (subject to certain amendments agreed to by the *61 parties and not germane to the present action). Petitioner made payments to Helene in accordance with the terms of the agreement through September 1, 1967. Alexander Westreich and Helene were married on September 17, 1967, and moved to New York City, where Mr. Westreich resided and maintained his business. On or about September 8, 1967, petitioner ceased making any payments to Helene and made no further payments until June of 1970. As a result of the failure of petitioner to make any payments, Helene Westreich petitioned the Superior Court of the State of New Jersey, Bergen County, for an order finding, among other things, petitioner in contempt of the Court's previous order of January 12, 1966, with respect to making payments. A hearing regarding this motion and certain cross motions was held before the Superior Court of the State of New Jersey, Bergen County. An oral decision was entered on March 17, 1970, which found, in part: * * * that the arrearages due Mrs. Westreich after giving a credit of $548 for William and a credit of $3,575.52 for Gail, totalling $4,123.52 would leave a balance due Mrs. Westreich of $39,626.98 through January 23, 1970. Now, on these arrearages *62 there seems to be no question that all of the payments made by Mr. Cohen were for the direct benefit of the children. I have no quarrel with that. However, I must keep in mind that Mrs. Westreich under the existing orders of the court has the custody of these three infants. This calls for support payments to be made directly to her. To allow otherwise would be to dissipate custody. Certain additional motions were made by the parties with respect to the March 17, 1970, decision. The March 17, 1970, order was modified by supplemental orders of May 27, 1970, and June 17, 1970. The June 17, 1970, order ordered, in part, that: * * * Bertram I. Cohen, is in default in the payment of partial support for the plaintiff until the date of her remarriage, September 17, 1967, and for support of the three infant children of the marriage in the aggregate amount of $43,202.50 which said sum is fixed as the total amount of said arrearage due by the defendant to the plaintiff as of January 23, 1970. * * * Thereafter, petitioner applied to the Superior Court of the State of New Jersey, Bergen County, to have a portion of the arrearages in the amount of $16,062.50 placed in trust for his *63 eldest daughter, Gail Marcy Cohen.On October 28, 1970, the court so ordered, and in addition ordered the balance of the arrearages $27,140.00 paid to petitioner's former wife and that petitioner receive a credit in the amount of $16,062.50 against the arrearages. Petitioner made payments to Helene of $14,500.00 in 1970, $41,903.00 in 1971 and $13,000.00 in 1972, of which sums $43,202.50 represented a judgment for arrearages accrued during the period in which petitioner made no such payments. Of the arrearages, $27,140.00 was paid to Helene Westreich for the support of their children and $16,062.50 was paid into a trust for Gail March Cohen. Petitioner has conceded the amount paid in trust to be child support. Petitioner deducted the payments from his gross income for the years in issue under the provisions of section 215. Petitioner contends that the payments totalling $27,140.00 made directly to his former wife are deductible under section 215. Petitioner argues the payments were made pursuant to the separation agreement and the agreement did not "fix", within the meaning of section 71(b), an amount for the support of the minor children. Respondent contends the payments for *64 the period after September 17, 1967, were "fixed" or allocated as child support within the meaning of section 71(b) by the various court orders and therefore are not deductible by petitioner. Under the provisions of section 215, payments are deductible by the husband if they are includable by the wife under the provisions of section 71. Section 71(a)(2) provides, in part: * * * If a wife is separated from her husband and there is a written separation agreement executed * * * the wife's gross income includes periodic payments * * * received after such agreement is executed which are made under such agreement and because of the marital or family relationship * * * Section 71(b) provides, in part: * * * Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * * The Supreme Court in Commissioner v. Lester,366 U.S. 299 (1961), held that if an amount paid to the wife includes the support of the children, but no amount is specifically designated or fixed for the *65 support of the children, the entire amount becomes taxable income to the wife and deductible by the husband. In Engelhardt v. Commissioner,58 T.C. 641 (1972), this Court considered a very similar factual situation. This Court held that the payments made to petitioner's former wife pursuant to the New Jersey Superior Court's order were not made under the separation agreement and that the court order operated to "fix" the amount to be paid by the husband as alimony. The Court also noted that a New Jersey Superior Court was without authority to order the husband to furnish other than child support to his former wife, citing N.J. Stat. Ann. § 2A:34-25 (1952). Engelhardt v. Commissioner,supra, is controlling in this case. The payments made by petitioner covering the period subsequent to September 17, 1967, must be deemed to have been made pursuant to order of the New Jersey court. It is clear from a reading of the March 17, 1970, Transcript of Decision, that payments ordered by the New Jersey court for the period after Helene's remarriage were "fixed" as child support, but were payable through Helene so *66 as to assure her custody of the children. The supplemental orders dated June 17, 1970, and October 28, 1970, further established that the payments after Helene's remarriage were for the support of the children.
Section 71(a)(1) provides, in part: * * * If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. State law is determinative of the existence of a "legal obligation" for purposes of section 71(a)(1). Brown v. Commissioner,50 T.C. 865 (1968), affd. per curiam 415 F.2d 310 (4th Cir. 1969); Hoffman v. Commissioner,54 T.C. 1607 (1970). This is consistent with the established principle that state law will be applied in determining the rights or interests of the parties and Federal law controls the manner in which these rights or *67 interests are taxed. Helvering v. Stuart,317 U.S. 154 (1942); Lyeth v. Hoey,305 U.S. 188 (1938). When a wife subsequently remarries and under local law she is not entitled to alimony upon her remarriage, payments made to her after her remarriage are not made because of the husband's legal obligation of support as required in section 71(a). Brown v. Commissioner,supra;Hoffman v. Commissioner,supra.
New Jersey State law is clear as to the effect of the former wife's remarriage on the husband's legal obligation to pay alimony. [2] The husband's support obligation terminates upon the former wife's remarriage. Richards v. Richards,353 A.2d 141 (1976). Although the statute does require an application by the former husband, the section governing the right to terminate alimony is absolute. Sharpe v. Sharpe,263 A.2d 490 (1970). The courts retain no discretion to allow the wife alimony payments following a subsequent marriage. Ferreira v. Lyons,146 A.2d 541 (1958). Accordingly, petitioner was relieved of any legal obligation to pay Helene alimony upon her *68 remarriage. Therefore, since petitioner was under no legal obligation to pay alimony after Helene's remarriage, the payments were not made in discharge of a "legal obligation" which, because of the marital or family relationship, was imposed upon the husband within the meaning of section 71(a). Accordingly, the payments are not includable in Helene's income under section 71(a) and therefore are not deductible by petitioner under section 215. Since the amounts paid Helene for the period subsequent to September 17, 1967, are not properly includable in Helene's income under either section 71(a) or 71(b), they are not properly *69 deductible by petitioner under section 215. The amount paid by petitioner to Helene for the period prior to her remarriage on September 17, 1967, is properly includable in her gross income under section 71(a) and section 71(b) for the year 1967, and as such is properly deductible by petitioner under the provisions of section 215. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩
2. N.J. Stat. Ann. § 2A: 34-25 (1952), provides that: If after the judgment of divorce the wife shall remarry, the court shall not make any order as to the alimony of such wife except that upon application of the former husband, on notice and on proof of the marriage of the former wife after the judgment of divorce, the court shall modify any order or judgment as to the alimony of the former wife by vacating and annulling any and all provisions in any such order or judgment, or both, directing the payment of money for the support of the former wife.↩