PATRICIA S. NAPOLEON, Plaintiff-Appellant, *v.* BARRY H. NAPOLEON, Defendant-Appellee

NO. 6212

OCTOBER 31, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This is an appeal from an order dismissing appellant's order to show cause. We reverse and remand for further proceedings.

### STATEMENT OF THE CASE

The parties were divorced by decree of the Family Court on January 18, 1965. The decree awarded custody of the two minor children of the parties to appellant, the former wife, with visitation rights to appellee, the former husband, and ordered appellee to pay $150 per month for child support.

On July 15, 1966, an order to show cause was filed regarding appellee's alleged failure to make child support payments. At a hearing pursuant to the order to show cause, the appellant then filed a stipulation previously approved by the court, which provided that, commencing on August 1, 1965, child support payments would be modified from $150 per month to $200 per month. On August 3, 1966, the court ordered appellee to pay appellant "$200, which has been due since July 1, 1966."

A second order to show cause was filed August 6, 1970, involving appellee's alleged failure to make the payments required. Appellee failed to appear in response to the order to show cause, and a bench warrant for his arrest was issued on September 4, 1970. On August 22, 1972, the order to show cause was dismissed for want of prosecution. The bench warrant was recalled on May 28, 1975.

On September 30, 1970, the parties entered into an agreement, entitled, "Agreement re support of minor chil-

dren." The agreement, which was never formally approved by the court, provided as follows:

WHEREAS, in case No. D-59876 PATRICIA S. NAPOLEON is Plaintiff and BARRY H. NAPOLEON is Defendant, said Barry H. Napoleon is required to pay the sum of $200.00 per month for the support and maintenance of two minor children of the parties payable on the first day of each and every month, and

WHEREAS, the said Barry N. [sic] Napoleon is now delinquent in the sum of $1700.00 by way of child support, and

WHEREAS, the parties desire to settle the differences and to insure the child support as agreed upon.

IT IS HEREBY AGREED by and between the parties that the said Barry N. [sic] Napoleon will pay the sum of $3,000.00 for each of the next three (3) years . . . and that upon the full payment of said $9,000.00, the obligation on the part of said Barry N. [sic] Napoleon to support the two minor children shall terminate and that this agreement is in lieu of the prior court orders with reference to child support.

IT IS FURTHER AGREED that in the event any of the payments should not be paid as and when agreed upon, this agreement shall become void and of no further force and effect and that the court order with reference to child support as hereinabove set forth shall immediately become reinstated and in full force and effect.

IT IS FURTHER AGREED that said Barry N. [sic] Napoleon shall have the following rights of visitation:

.   .   .   .

PATRICIA S. NAPOLEON FURTHER AGREES that upon the execution of this document and the payment of $3,000.00 forthwith, she will cause to be withdrawn the Bench Warrant now outstanding against said Barry N. [sic] Napoleon and will cause the existing Order to Show Cause to be withdrawn.

A third order to show cause was filed on September 13, 1974, regarding appellee's alleged failure to make child sup-

port payments. A hearing pursuant to the order to show cause was held on January 8, 1976, concerning the support of only one minor child, since the parties' other child had attained the age of eighteen in 1975.

The Family Court's findings and decision, filed on January 21, 1976, were as follows:

1. The "Agreement re Support of Minor Children" executed by the parties on September 30, 1970, which is attached to Defendant's Memorandum filed July 22, 1975, is a valid and binding agreement between Plaintiff and Defendant.

2. Plaintiff's attorney drafted the said agreement.

3. Plaintiff by her own admission signed the said agreement knowingly and willingly, free of any misrepresentation, duress, fraud or undue influence on the part of Defendant.

4. Plaintiff agreed to the terms and conditions of the said agreement against the advice of her then attorney, and admits to having executed a written statement to her then attorney indicating that she was fully aware of what she was doing and absolving him from any responsibility.

5. Defendant has performed in accordance with the said agreement.

6. Plaintiff has waived her right to seek support for her minor child from Defendant and is not the proper party to seek such support.

The court ordered that appellant's order to show cause, filed September 13, 1974, be dismissed.

Notice of appeal was filed on February 20, 1976.

### STATEMENT OF FACTS

The parties' two children were born on July 12, 1957 and March 11, 1962. On September 30, 1970, the date of the agreement, their ages were thirteen and eight, respectively.

The agreement states that as of September 30, 1970, appellee was delinquent by $1,700 in his payment of child

support. The record is not clear as to whether the amount of delinquency was more than $1,700 at the time.

The agreement was drawn up by appellant's attorney, at appellant's request and against the advice of her attorney. Appellant's attorney had explained to her the positive and negative factors involved in signing the agreement.

Appellant testified that she signed the agreement because, "I didn't have the money and I figured something was better than nothing." Appellant stated that she had been working "all these years" and that appellee did not work while she was married to him or after the divorce. Appellant stated that she did not read the agreement very carefully, that she was "only concerned about the figures", and that it was appellee who came to the $9,000 figure.

Appellant acknowledged full receipt of the money and stated that it had been spent in support of the children.

Appellee testified that at the time of the agreement he was in business with Mr. Bernard, who was trustee for his present wife's estate. Appellee stated that it was Mr. Bernard who had proposed the figure of $9,000 and suggested that the money be invested over a period of time for the benefit of the children.

Appellee testified that his present wife, whom he married in 1969, paid appellant the $9,000, since appellee was unemployed. Appellee stated that he did not presently work, although he had been self-employed for a time between 1972 and 1973. Appellee's present wife has an annual income which is adequate to support him.

OPINION

The issue in this case concerns the validity and effect of the parties' out of court agreement of September 30, 1970, releasing appellee from his obligation to pay child support. The court's order is clear in stating that, (a) the agreement is valid and binding as between the parties; (b) the appellant,

the mother of the children, "has waived *her right* to seek support for her minor child from defendant [appellee] and is not the proper party to seek such support." The court's order does not terminate the minor child's rights as provided in HRS § 580-47.

The basic question before this court is whether the parties can enter into an agreement as herein and have said agreement be valid and binding without the approval of the court.

In our opinion, the parties cannot enter into an agreement as herein and have said agreement be valid and binding without the court's approval.

Under HRS § 580-47 the court is clearly empowered with continuing jurisdiction regarding the support of the parties' minor children. Moreover, the court acquired *inherent*, continuing jurisdiction over a minor once the issue of his welfare was placed before the court. *Blackshear v. Blackshear,* 52 Haw. 480, 482, 478 P.2d 852, 854 (1972). In *Blackshear* we stated at 482, 478 P.2d at 854: "The existence of jurisdiction over a minor is acquired whenever one of our courts entertains a proceeding directly relating to his well-being. At this time the minor becomes a 'ward of the court' subject to its inherent authority to insure his continuing well-being. . . . After submitting themselves to the jurisdiction of the court, the parties could not withdraw the children of the marriage from its protective custody."

In the light of the mandate of the statute and the continuing jurisdiction of the court over the minor, the agreement, lacking the court's approval, is clearly not a valid and binding agreement, even as between the parties. *Blackshear v. Blackshear, supra; Pilson v. Salvoni,* 79 F.2d 411, 412 (D.C. Cir. 1935). *See Warrick v. Hender,* 198 So.2d 348, 351 (Fla. App. 1967).

We, therefore, further conclude that the court below erred in holding that appellant has waived her right to seek support for the minor in question.

In our opinion, not only did the agreement lack approval of the court, but such agreements are void as a matter of public policy. *Anthony v. Anthony,* 204 N.W.2d 829, 833 (Iowa 1973); *Morgan v. Morgan,* 156 So.2d 147, 150 (Ala. 1963).

Reversed and remanded for further proceedings in accordance with this opinion.

*Philip D. Bogetto* for plaintiff-appellant.
*Raymond Lee* for defendant-appellee.