# CHARLES A. REYNOLDS *v.* ROSE S. REYNOLDS AND C. W. ASHFORD, FIRST JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII.

## No. 1133.

### PETITION FOR WRIT OF PROHIBITION.

ARGUED OCTOBER 31, 1918.                    DECIDED NOVEMBER 12, 1918.

COKE, C. J., KEMP AND EDINGS, JJ.

EQUITY—*appeal.*

> In an equity suit by a wife against her husband for separate maintenance an order issued compelling the husband to support his wife *pendente lite* is appealable.

SAME—*same.*

> A provision inserted in such an order defining it as temporary and subject to change or modification in the discretion of the judge does not convert it into an interlocutory order nor alter its status as final and appealable.

APPEAL—*effect upon contempt proceedings—prohibition.*

> The circuit judge is without jurisdiction to enforce such an order by contempt proceedings when an appeal has been taken and pending such an appeal a writ of prohibition will lie to prevent its enforcement by contempt proceedings.

SAME—*summary proceedings—prohibition.*

> The rule that the writ of prohibition will not be granted unless the question of jurisdiction has been unsuccessfully raised in the lower court does not apply to summary proceedings of a quasi criminal nature such as proceedings for contempt.

### OPINION OF THE COURT BY KEMP, J.

This is a petition by Charles A. Reynolds for a writ of prohibition against his wife, Rose S. Reynolds, and the Hon. C. W. Ashford, circuit judge.

Rose S. Reynolds brought a bill in equity, in her own name without the intervention of a next friend, against her husband, Charles A. Reynolds, for separate maintenance. The suit was brought in the circuit court, first judicial circuit. Hon. C. W. Ashford being the circuit judge to whom equity matters are assigned, all proceedings in the matter were properly before him. Summons was issued and served and at the same time an order to show cause why temporary support and suit money should not be allowed the wife was served. The husband interposed a demurrer to the bill in which he set up and relied upon the ground that the petitioner, Rose S. Reynolds, being his wife, could not maintain the suit in her own name. The demurrer was overruled. Thereupon the husband filed his verified return to the order to show cause. The judge held that his verified return set up no facts which would excuse him from supporting his wife *pendente lite,* and, without further hearing, ordered that "Chas. A. Reynolds do, and he is hereby ordered to pay to the said Rose S. Reynolds the sum of sixty dollars ($60.00) per month for her support, said payments to be made thirty ($30.00) dollars on the first of each and every month and thirty ($30.00) dollars on the succeeding 15th day of said month until final order or decree is issued in this cause and that the said payment so ordered shall commence with October 1st, A. D. 1918. This order to be temporary and subject to change or modification upon proper proceedings therefor in the discretion of the judge." The above order was made and entered October 2, 1918. On the following day, October 3, 1918, the husband filed and perfected an appeal from said order and did not make the initial payment of $30 as he was therein ordered to do.

On October 4, 1918, on motion of the wife, the Hon. C. W. Ashford, the judge before whom the matter was pending, issued an order to said Charles A. Reynolds to

appear before him at his chambers on the 7th day of October, 1918, to show cause why he should not be punished for contempt for failure to comply with the said order of October 2, 1918, whereupon the said Charles A. Reynolds sued out this writ of prohibition to restrain the said Rose S. Reynolds and the said circuit judge from taking any further proceedings in said suit in equity and from taking any further action in the contempt proceedings looking to the punishment of said Charles A. Reynolds for failing to make the payments specified in said order for temporary maintenance dated October 2, 1918, pending a final determination of his appeal from said order.

The circuit judge filed a statement in which he says that he has no answer to make to the writ, and submits himself to such order or decree as this court may make in the premises.

The wife made her return and said among other things that the order of October 2, 1918, commanding her said husband to pay her certain sums of money for her temporary support is in no sense final but purely interlocutory and not appealable. This constitutes her principal defense to the issuance of the writ.

The husband admits that the suit for separate maintenance by the wife against the husband is cognizable in a chancery court but contends that she must sue by her next friend and not in her own name. This and the sufficiency of the return to the order to show cause are the principal questions involved in the appeal of the husband from the order of October 2, 1918, and while counsel have devoted considerable space in their briefs to these questions we do not consider them material to a determination of this case.

The correctness of the court's ruling in overruling the demurrer to the bill and in holding that the return to the order to show cause did not show facts sufficient to constitute a defense are matters that will be considered upon a

hearing of the appeal from the order allowing temporary maintenance and have no place in this proceeding. If the order allowing temporary maintenance is appealable and an appeal has in fact been perfected the appeal operates as a stay of all further proceedings thereunder pending said appeal and this writ should be perpetuated unless some other defect in the proceedings is found.

Counsel attempts to distinguish the order appealed from in this case from the order appealed from in *Dole* v. *Gear,* reported in 14 Haw. 554. His contention is that the order for temporary maintenance involved in this case, from which the appeal was taken, is made interlocutory, if not already so, by the recital therein that it is "temporary and subject to change or modification upon proper proceedings therefor in the discretion of the judge" and is therefore not appealable.

We think, however, that it is clear that the judge would have had the right to change or modify the order at any time during the pendency of said cause in the absence of the recital quoted and that this recital in no way distinguishes it from the order in the case of *Dole* v. *Gear*.

Counsel makes the further contention that as a prerequisite to the husband's right to apply for a writ of prohibition he would have to make a response to the order to show cause in the contempt proceedings and set up the fact that an appeal from the order in question had been taken as a defense to the contempt proceeding. In other words, he contends that the jurisdiction of the lower court to proceed must be challenged without success before the extraordinary writ of prohibition will lie. No authority has been cited in support of this proposition. We have no doubt that this contention is a correct statement of the general rule (32 Cyc. 624) but we do not think that it applies in summary proceedings of a quasi criminal character, such as proceedings for contempt where a fine may be imposed

or the party imprisoned before the writ could be applied for. *Dole* v. *Gear, supra.*

Counsel has also argued that as the order of the court was that payments shall commence with October 1, 1918, and the appeal was not taken until October 3, 1918, the husband was already in contempt for failure to comply with the order before his appeal was taken and that therefore his appeal came too late. It will be observed that the order was not entered until October 2, 1918, and while it does provide that said payments "shall commence with October 1, A. D. 1918," we think that the intention of the order is to fix the time from which the husband should support the wife and was not intended as the date upon which the initial payment should be due. If it were otherwise the payment was ordered to be made upon an impossible date. The order fixes no date in the future when the initial payment should be made. The appeal was perfected before steps were taken to enforce its collection and within the statutory time. We find no merit in counsel's contention.

The one other question for our determination is, is the order of October 2, 1918, for temporary maintenance, appealable? This depends upon whether it is final or interlocutory. If it is interlocutory it is appealable only with the consent of the circuit judge and he has not given his consent in this case. If it is final an appeal lies as a matter of right. The decisions as to the appealability of such an order are by no means unanimous. In the case of *Dole* v. *Gear* the decisions holding such an order not appealable are discussed and in that opinion it is said that two reasons are given in support of such rulings—one, that the decree is interlocutory, the other, that the statutory provision for temporary alimony, designed as it is to meet an immediate need, indicates a legislative intent that the general statute relating to appeals should not apply. The opinion continues:

"The answer to the first of these reasons is that the decree or order is final in its nature, though it is not the last decree in the case or even the decree that determines the merits of the main case.  It is independent of the main case in that the final decree in the main case cannot affect it and that it in no way depends on the ultimate result or the merits of the main case.  It is a money decree enforceable immediately by execution or other process and the effect of which is to divest the husband of his property. The answers given to the other reason are that, although the provision for temporary alimony is designed to supply immediate needs, the allowance of an appeal would at most merely delay the litigation until the propriety of the order for temporary alimony could be determined by the appellate court, and that the temporary inconvenience of the wife is not a sufficient reason for withholding from the husband a legal right.  We may add that the argument against appealability in so far as it rests on the legislative intention assumed to be manifested by statutory provisions for temporary alimony in divorce and separation statutes, have no application to this case for the reason that here the alimony is granted under the general equity powers of the court and not under any statute.  Accordingly, orders for temporary alimony, even when made in pursuance of statutes, are held appealable by the great majority of courts, the question having been considered at length in many of the cases. *McKennon* v. *McKennon*, 10 Okl. 400; *Blake* v. *Blake*, 80 Ill. 523; *State* v. *Seddon*, 93 Mo. 520; *Daniels* v. *Daniels*, 9 Colo. 133; *Sharon* v. *Sharon*, 67 Cal. 185; *In re Finkelstein*, 34 Pac. (Mont.) 847; *Gruhl* v. *Gruhl*, 123 Ind. 86; *Leslie* v. *Leslie*, 6 Abb. Pr. N. S. 193; *Blair* v. *Blair*, 74 Ia. 311; *Williams* v. *Williams*, 29 Wis. 517, and other cases, in the same and other states, cited in these cases.  In our opinion the order is a final one for the purposes of appeal under the statute and we cannot make law by creating an exception to the statute" (pp. 566, 567).

Counsel for the wife virtually admits that if the decision in the case of *Dole* v. *Gear, supra,* is approved the order is final and appealable and that if his other contentions are

overruled the writ properly issued and should be perpetuated. But he urges us to overrule that part of that decision which holds an order for temporary maintenance to be a final order and appealable. We are asked to adopt the dissenting opinion as containing the better reasoning. In that opinion it is said that the majority opinion and the cases cited in support of it "overlook the very important point that the statute, and the common law in the absence of statute, imposes the duty on the husband, by reason of the marriage relation, when he has turned his wife adrift and without fault on her part compels her to live separate and apart from him, to supply her with necessaries, and if he fails to do this and she is compelled to sue for them in the courts then he is liable for her reasonable counsel fees. These are 'legal rights' conferred on the wronged wife by law. Temporary support is allowable to meet the 'immediate necessities of the wife' (*Call* v. *Call*, 65 Me. 407). It seems to me that these rights given the wife are equally sacred and entitled to the protection of the courts with the property rights of the husband and should not be permitted to be frittered away by appeal. The circuit judge in making the order merely announced the judgment of the law on the facts" (p. 571). We think, however, that the dissenting opinion ignores the real issue that is presented to a court when it is asked to allow temporary maintenance for a wife. When the husband in response to the order to show cause sets up as his defense the misconduct of his wife as his reason for not supporting her and for his not living with her the truth as to this becomes a controlling issue. If the husband succeeds in showing that the fault lies with the wife he will not be compelled to support her even temporarily. (*Mackintosh* v. *Mackintosh*, 60 N. Y. S. 679; *Ballentine* v. *Ballentine*, 5 N. J. E. 471, 476; *Dougherty* v. *Dougherty*, 8 N. J. E. 540; *Martin* v. *Martin*, 8 N. J. E. 563, 569.) If it were other-

wise it would be idle to issue an order to show cause.   If the law fixes his liability absolutely for support *pendente lite* without regard to where the fault lies the judge before whom the action is brought would, instead of issuing his order to show cause, merely order the temporary support money paid over without a hearing.

The question of whether or not the husband shall be compelled to support the wife *pendente lite* being dependent upon a determination of which spouse is at fault, an allowance of temporary maintenance, if made in a case in which it should afterwards appear that the wife was the one at fault, would be an invasion of the husband's property rights for which he would have no redress unless allowed to appeal from the temporary order and withhold payments pending his appeal.

We think that it was correctly decided in *Dole* v. *Gear* that an order for temporary maintenance is a final order within the meaning of the law of appeals.   The order in this case not being distinguishable from the order in that case is also final and appealable.   An appeal having in fact been perfected the circuit judge had no further jurisdiction in the matter pending the appeal, and the writ should be made absolute as to further proceedings in the contempt matter.

We see no reason, however, why we should prohibit further proceedings in the main case.   It is true that one of the questions which will be settled by the appeal from the order is a vital question in the main case as well.   We refer to the question of the right of the wife to maintain the suit in her own name without the intervention of a next friend.   However, no appeal was taken from the order overruling the demurrer which raised that question and we think that no showing is made which would entitle petitioner to have the writ perpetuated as to the main case.

In compliance with what has been said the writ will be

made absolute as to further proceedings in the contempt matter pending the appeal from the order allowing temporary maintenance but will be dissolved as to further proceedings in the main case.

*J. W. Cathcart* and *R. A. Vitousek* (*Thompson & Cathcart* on the brief) for petitioner.

*C. C. Bitting* for respondent Rose S. Reynolds.