FLORENCE B. SMITH, Plaintff-Appellee, *v.* CARL C. SMITH, Defendant-Appellant

NO. 8066

(URES NO. 156)

JUNE 21, 1982

BURNS, C.J., HEEN, J., AND CIRCUIT JUDGE WAKATSUKI
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY BURNS, C.J.

Defendant-Appellant (Carl) appeals the lower court's determination that he owes plaintiff-appellee (Florence) $8,559 in child support for the period between December 10, 1964, and July 21, 1980. We affirm.

There are four issues in this case. The first two we raise *sua sponte.*

I. In an action under the Hawaii Uniform Reciprocal Enforcement of Support Act (HURESA) (HRS chapter 576, 1976, as amended), does the Hawaii family court have the authority to decide what arrearage, if any, is due under prior child support orders of various states? We answer yes.

II. Is an order which decides the amount of child support arrearage final and appealable although there has been no decision on how the arrearage is to be paid? We answer yes.

III. Are the lower court's material findings of fact regarding the accumulated arrearage clearly erroneous? We answer no.

IV. May Hawaii retroactively modify the child support orders of Pennsylvania, New York, Indiana, Ohio, or Hawaii? We answer no.

Carl and Florence are the parents of Joannine, born July 14, 1960. Courts at various time in various states have ordered Carl to pay child support to Florence, the child's custodian:

| STATE | DATE OF ORDER | AMOUNT |
|---|---|---|
| Pennsylvania | 12-10-64 | $32 every two weeks |
| New York | 01-17-68 | $16 per week |
| Indiana | 07-07-69 | $30 per week |
| Ohio | 07-14-71 | $30 per week |
| Hawaii | 03-21-75 | $50 per month |

The Hawaii order was issued in a Uniform Reciprocal Enforcement of Support Act (URESA) action initiated in Pennsylvania.

On December 29, 1977, the Maui County Corporation Counsel filed in the Pennsylvania-Hawaii URESA action an order to show cause after order or decree (OSCAOD) requiring Carl to show cause why he "should not be required to begin making payments to [Florence] for arrearages which have accrued to date since 1964 in the amount of $8,459.00." The lower court gave Carl time to gather evidence to contradict Florence's $8,459 arrearage claim and gave the corporation counsel time to obtain certified documents from the

various courts which issued orders. On July 14, 1978, the matter was continued until moved on.

On May 25, 1979, Carl filed a Motion to Dismiss Complaint and to Terminate Child Support. This motion was continued to give the Corporation Counsel time to obtain documents from the Pennsylvania court.

On May 13, 1980, the Corporation Counsel again filed an OS-CAOD requiring Carl to show cause why he should not make payment on the arrearage.

After a hearing, the lower court filed an order dated July 21, 1980, in which it (1) found as a fact that Carl "consistently failed to make child support payments as ordered by the courts of Pennsylvania, New York, Indiana, Ohio and Hawaii"; (2) ordered Carl to pay to Florence the sum of $8,559.00;[1] and (3) ordered "[t]hat a hearing shall be scheduled to determine the liquidation of said child support arrearage." Carl appeals this order.

## I.

Does the Hawaii family court have the authority to decide what arrearage, if any, is due under prior child support orders of various states?

Section 576-21, HURESA, requires Hawaii to apply the laws of the state where the obligor was present during the period for which support is sought. In the instant case, the laws of each state, Pennsylvania, New York, Indiana, Ohio, and Hawaii, allow enforcement of its support order by Hawaii. 42 Pa. C.S.A., §§ 6744, 6749 (Purdon 1982); N.Y. Domestic Relations Law §§ 32, 34 (McKinney 1977, as amended); IND. CODE ANN. §§ 31-2-1-9, 31-2-1-14 (Burns 1980); OHIO REV. CODE ANN. §§ 3115.03, 3115.12 (Baldwin 1982); HURESA §§ 576-23, -34 (1976, as amended).

## II.

Is an order which decides the amount of child support arrearage final and appealable although there has been no decision on how the

---

[1] A Pennsylvania audit account found an additional arrearage of $100.

arrearage is to be paid?

In our view, the manner of payment issue relates to the enforcement of the order and is incidental thereto; thus, it has no effect on the order's finality and appealability.[2] *See Reynolds v. Reynolds,* 24 Haw. 510 (1918); *Dole v. Gear,* 14 Haw. 554 (1903); *Sturkie v. Han,* 2 Haw. App. 140, 627 P.2d 296 (1981). *Compare* Rules 73(a), (b), 58 and 54(a), Hawaii Family Court Rules (HFCR) (1977), with Rules 73(a) and 58, Hawaii Rules of Civil Procedure (1980).

## III.

Carl contends that the finding of fact about his consistent failure to make child support payments is clearly erroneous. We disagree.

The standard of appellate review of findings of fact under Rule 52(a), HFCR (1977), is the same as it is in civil and criminal proceedings:

> Findings of fact are clearly erroneous unless supported by substantial evidence in the record. *Showmaker v. Takai,* 57 Haw. 599, 651 P.2d 1286 (1977). Substantial evidence is credible evidence which is of sufficient quantity and probative value to justify a reasonable person in reaching a conclusion. *In re Charley's Tour & Transp. Inc.,* 55 Haw. 463, 552 P.2d 1272 (1974). Even though the findings are supported by substantial evidence, they may be set aside on appeal if the appellate court decides that they are against the clear weight of the evidence or otherwise reaches a definite and firm conviction that a mistake has been made. *DeFries v. Association of Owners,* 57 Haw. 296, 55 P.2d 855 (1976); *State v. Patterson,* 58 Haw. 462, 571 P.2d 745 (1977); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: *Civil* § 2585 (1971); 2 WRIGHT, FEDERAL PRACTICE AND PROCEDURE: *Criminal* § 374 (1969). [Footnotes omitted.]

*Yorita v. Okumoto,* 3 Haw. App. 148, 643 P.2d 820 (1982).

---

[2] We disagree with *Williams v. Budke,* 606 P.2d 515 (Mont. 1980), that the family court's order requiring (authorizing) payment of the arrearage on a deferred payment basis is a retroactive modification. However, query whether the obligee may elect to take an order fixing the arrearage to the civil court for collection.

The record shows that Carl was only $100 delinquent in making the support payments required by the Hawaii court and that the balance of the arrearage accumulated because of his failure to pay as required by the other state courts. However, the dispositive finding that the arrearage amounted to $8,559 is supported by documentary evidence showing what Carl was supposed to pay and what he actually paid and is not clearly erroneous.

## IV.

May Hawaii retroactively modify the child support orders of Pennsylvania, New York, Indiana, Ohio, or Hawaii? The answer is no.

In this situation Hawaii must apply the laws of the state where the obligor was present during the period for which the obligation to pay child support is being enforced. HURESA § 576-21 (1976, as amended).

In Pennsylvania, modification of a child support order can be made at any time, 42 Pa. C.S.A., § 6710 (Purdon 1982), but only by the court which issued the order. *Soloff v. Soloff*, 215 Pa. Super. Ct. 328, 257 A.2d 314 (1969).

In New York, modification of a child support order may operate retroactively only when the obligor shows good cause for his failure to make a timely application for relief prior to the accrual of the arrears. N.Y. Domestic Relations Law § 240 (McKinney 1977, as amended). In the instant case, Carl failed to show any such cause.

In Indiana, modification of a support order may operate only prospectively. *Whitman v. Whitman*, Ind. App., 405 N.E.2d 608 (1980).

In Ohio, retroactive modification of a support order is allowed only where power to do so is explicitly reserved. *McPherson v. McPherson*, 153 Ohio 82, 90 N.E.2d 675 (1950). In the instant case, no such power was reserved.

In Hawaii, modification of a support order may only operate prospectively. HRS § 580-47(d) (1976, as amended).[3] *Compare Saro-*

---

[3] Section 580-47(d), HRS (1976, as amended), provides:

(d) Upon the motion of either party supported by an affidavit setting forth in particular a material change in the physical or financial circumstances of either

*mines v. Saromines,* 3 Haw. App. 20, 641 P.2d 1342 (1982).

Affirmed.

*Ralph E. Corey* on the briefs for defendant-appellant.

*Howard M. Fukushima,* Deputy Corporation Counsel, County of Maui, on the briefs for plaintiff-appellee.

---

party, or upon a showing of other good cause, the moving party may, in the discretion of the court, and upon adequate notice to the other party, be granted a hearing. The fact that the moving party is in default or arrears in the performance of any act or payment of any sums theretofore ordered to be done or paid by him or her shall not necessarily constitute a bar to the granting of the hearing. The court, upon such hearing, for good cause shown may amend or revise any order and shall consider all proper circumstances in determining the amount of the allowance, if any, which shall thereafter be ordered.