JEANNINE LINDSEY, nka JEANNINE MATTOS, Plaintiff-Appellee, *v.* WILLIAM M. S. LINDSEY, III, Defendant-Appellant

NO. 10667

(FC-D NO. 5388)

MARCH 5, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant William M. S. Lindsey, III (William), appeals the family court's May 9, 1985 decree holding him liable for $12,040 delinquent child support due from January 1970 to April 30, 1985. We vacate the family court's May 9, 1985 decree and remand for further proceedings.

The issues and our answers are as follows:

1. When does a court-ordered child support payment become an enforceable decree? When the payment becomes due.

2. Does the ten-year statute of limitations applicable to domestic decrees begin to run on each court-ordered child support payment as it becomes due? Yes.

3. Can a decree creditor avoid the effect of the statute of limitations on the unpaid enforceable decrees on which the statute has not yet run by filing for and obtaining a new decree for the total of the unpaid and enforceable decrees? Yes.

4. Can the payee voluntarily waive, give, release, compromise, sell, enforce, or do nothing with his or her right to collect past-due court-ordered child support payments from the payor? Yes.

5. Does the record contain the evidence necessary to establish the material elements of the defenses of laches[1] or equitable estoppel?[2] No.

On December 9, 1969 the Third Circuit Family Court issued an Interlocutory Decree of Divorce requiring William to pay to plaintiff Jeannine Lindsey, now known as Jeannine Mattos (Jeannine), "as and

---

[1]*See* Anno. 5 A.L.R. 4th 1015 (1981); 27 Am. Jur. 2d *Equity* § 162 (1966).

[2]*See Doherty v. The Hartford Insurance Group,* 58 Haw. 570, 574 P.2d 132 (1978); 28 Am. Jur. 2d *Estoppel and Waiver* § 27 (1966).

for the support and maintenance of the two minor children of the parties the sum of SEVENTY AND 00/100 DOLLARS ($70.00) per month, payable in two equal installments of THIRTY-FIVE AND 00/100 DOLLARS ($35.00) each, on the fifth (5th) and twentieth (20th) days of each month, commencing with the month of December, 1969, and continuing thereafter until further order of this Court." The Final Decree of Divorce, reaffirming and incorporating the provisions of the Interlocutory Decree of Divorce, was issued on June 30, 1970.

On February 5, 1985, upon Jeannine's motion, the Third Circuit Family Court issued an Order to Show Cause for Relief After Order or Decree ordering William to respond to her allegation that he failed to pay all but $70 of the child support payments ordered by the December 9, 1969 and June 30, 1970 decrees and to the following questions:

4. Why you should not be held in contempt of court for failure to make payments or do other acts required under existing orders.

6. Why you should not be required to give security for the payment of support.

7. Why your personal estate should not be sequestered for the payment of support.

8. Why you should not have your wages assigned for the payment of support.

At the hearing, William asserted the defenses of partial payment, waiver, equitable estoppel, laches, and statute of limitations. William testified that he and Jeannine agreed in 1969, and again in 1972, that he would not have any contact with her and the children and that she would not require him to pay her the court-ordered child support payments. He also testified that he paid her more than $70 but could not remember how much more.

On May 9, 1985 the family court found that Jeannine did not agree to excuse William from paying Jeannine the court-ordered child support payments, that William paid her $70 only once,[3] and that through April 30, 1985 William owed Jeannine unpaid court-ordered child support payments totalling $12,040.

---

[3]The family court did not determine when William paid the $70.

1. .

We agree with the following statement of the law:

In the context of a divorce judgment which orders prospective child support payments in periodic installments, each such installment becomes a liquidated sum, and therefore susceptible of enforcement only after it becomes due and payment is not made. Until that time the amount ordered in the judgment is subject to being modified on the motion of either party invoking the substantive law relating to such motions.

*Smith v. Smith,* 643 S.W.2d 523, 524 (Tex. 1982). Thus, court-ordered child support payments may be modified prospectively but not retroactively, *Smith v. Smith,* 3 Haw. App. 170, 647 P.2d 722 (1982), except pursuant to Rule 60, Hawaii Family Court Rules (1982).

2.

William's statute of limitations defense is premised on Hawaii Revised Statutes (HRS) § 657-5 (1976).[4] It provides as follows:

Domestic judgments and decrees. Every judgment and decree of any court of record of the State shall be presumed to be paid and

---

[4]California has a more detailed statutory scheme. For example, Cal. Civ. Pro. Code §§ 683.110 and 683.120 (West Supp. 1986) provides as follows:

§ 683.110. Period of enforceability; extension; renewal of judgment

(a) The period of enforceability of a money judgment or a judgment for possession or sale of property may be extended by renewal of the judgment as provided in this article.

(b) A judgment shall not be renewed under this article if the application for renewal is filed within five years from the time the judgment was previously renewed under this article.

§ 683.120. Application for renewal; effect

(a) The judgment creditor may renew a judgment by filing an application for renewal of the judgment with the court in which the judgment was entered.

(b) Except as otherwise provided in this article, the filing of the application renews the judgment in the amount determined under Section 683.150 and extends the period of enforceability of the judgment as renewed for a period of 10 years from the date the application is filed.

(c) In the case of a money judgment in installments, for the purposes of enforcement and of any later renewal, the amount of the judgment as renewed shall be treated as a lump-sum money judgment entered on the date the application is filed.

discharged at the expiration of ten years after the judgment or decree was rendered, and no action shall be commenced thereon after the expiration of ten years after the judgment or decree was rendered. The majority of jurisdictions hold, and so do we, that the statute of limitations applicable to decrees begins to run on each court-ordered child support payment as it becomes due. *Britton v. Britton,* 100 N.M. 424, 671 P.2d 1135 (1983); Annot. 70 A.L.R.2d 1250 (1960).

### 3.

A decree creditor may avoid the effect of the statute of limitations on that part of the decree debt on which the statute has not run by filing for and obtaining a new decree on the unpaid and unbarred total of the old decrees. *See Michely v. Honolulu, Ltd.,* 58 Haw. 257, 567 P.2d 824 (1977). That is what Jeannine did in this case. Her February 5, 1985 motion preserved her right to seek a new decree for all unpaid court-ordered child support payments due from February 5, 1975 to April 30, 1985. The unpaid child support payments due prior to February 5, 1975 were barred by HRS § 657-5. Her unadjudicated requests for contempt, security, sequestration, and wage assignment relate to the enforcement of the new decree, are incidental thereto, and thus have no effect upon the new decree's finality and appealability. *Smith v. Smith,* 3 Haw. App. 170, 647 P.2d 722 (1982).

### 4.

In *Napoleon v. Napoleon,* 59 Haw. 619, 585 P.2d 1270 (1978), the Hawaii Supreme Court held that a mother cannot agree with the father, in consideration of a promise of three annual cash payments by him or her, to waive her right to collect court-ordered child support payments. *Napoleon* did not distinguish between not-yet-due and past-due child support payments. *See* Annot. 100 A.L.R.3d 1129 at 4(b) (1980). In our view, the *Napoleon* rule applies only to not-yet-due child support payments.[5]

---

[5]If the *Napoleon* rule applies to past-due child support payments, then it follows that a decree debt for past-due child support payments cannot be waived, given away, released, compromised, or sold for less than the full amount due and should not subject to the defense of statute of limitations. Other than simplicity, we find no merit in that result.

The child's present and future welfare takes precedence over the rights of the court-designated payor and payee of child support payments. Thus, not-yet-due court-ordered child support payments are always subject to the further order of the court. *Amii v. Amii,* 5 Haw. App. 385, 695 P.2d 1194 (1985). The court-designated payor and payee of not-yet-due court-ordered child support payments cannot, by their agreement or otherwise, inhibit the family court's authority over not-yet-due court-ordered child support payments. *Napoleon, supra.*

The family court cannot after the fact do anything about the child's past welfare. Moreover, past-due court-ordered child support payments are enforceable decrees. Therefore, the family court is not permitted to modify past-due court-ordered child support payments. *Smith v. Smith,* 3 Haw. App. 170, 647 P.2d 722 (1982). The designated payee of past-due court-ordered child support is a decree creditor and, like a judgment creditor, can do whatever he or she wants with the decree receivable subject, however, to the family court's superior interest in the child's present and future welfare. The decree creditor may waive, give, release, compromise, sell, enforce, or do nothing with his or her decree receivable.

Based on Jeannine's testimony, however, the family court found that Jeannine did not agree to excuse William from paying her the court-ordered child support payments. That finding is not challenged or clearly erroneous. Consequently, there is no factual basis for William's waiver defense.

5.

Although the family court did not specifically decide William's defenses of laches and equitable estoppel, the record does not contain the evidence necessary to establish the material elements of either defense. Therefore, as a matter of law, we hold that William is not entitled to the benefits of either defense.

---

The fact that the *Napoleon* rule does not apply to past-due court-ordered child support payments does not validate the trade of one party's right to past-due court-ordered child support payments for the other party's right to child visitation. Just as a party cannot give or sell the child's right to not-yet-due court-ordered child support payments, neither can he or she give or sell his or her right to child visitation or the child's right to parental visitation.

6.

The family court's May 9, 1985 decree is vacated, and this case is remanded for issuance of a new decree in the amount of the unpaid court-ordered child support payments due from February 5, 1975 to April 30, 1985.

*Andrew P. Wilson* and *Sandra E. Pechter* (*Roehrig, Roehrig & Wilson* of counsel) on the brief for appellant.

*Steven K. Christensen* on the brief for appellee.