## STATE OF WASHINGTON ex rel. ERNA I. GIBSON, Petitioner, v. ROBERT WARREN GIBSON, Respondent

NO. 14344

(URES NO. 88–0197)

NOVEMBER 9, 1990

BURNS, C.J., HEEN, AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

In this Uniform Reciprocal Enforcement of Support Act (URESA) case initiated in the State of Washington (Washington), Respondent Robert Warren Gibson (Father) appeals the November 28, 1989 Order Relating to Child Support (November 28, 1989 Order) entered by the Hawaii Family Court (Family Court). The November 28, 1989 Order required Father to pay child support of $55.00 per month per child for his two children "so long as said (each) child continues his/her education post high school on a full–time basis at an accredited college or university, or in a vocational or trade school, or until said (each) child attains the age of 23 years, whichever occurs first." We affirm the November 28, 1989 Order. However, we vacate the first paragraph of footnote 5 of the Family Court's February 9, 1990 findings of fact relating to Father's enti-tlement to the federal income tax deduction.

### FACTS

| August 26, 1918 | Father was born. |
| April 23, 1970 | Son was born. |

| | |
|---|---|
| January 20, 1971 | Father and Erna I. Gibson (Mother) were married. |
| September 9, 1971 | Daughter was born. |
| September 29, 1972 | Father and Mother were divorced by a divorce decree entered in Washington. It awarded Mother custody of the children and ordered Father to pay support of $150.00 per child per month "until each child shall attain majority, marry, is adopted, dies or is otherwise emancipated." It allowed Father "to claim the two children as exemptions on his Federal Income Tax returns so long as he is current in his support obligation." |
| March 30, 1978 | A stipulated order was entered in Washington increasing the amount of child support payable monthly for the two children to $400.00 per month commencing April 1, 1978 and $450.00 per month commencing October 1, 1978. |
| Post–July 29, 1988; Pre–August 22, 1988 | Washington, on the relation of (ex rel.) Mother, filed a petition (Washington Complaint) against Father in the Washington Superior Court under Washington's Uniform Reciprocal Enforcement of Support Act (WURESA). The Washington Complaint sought "back support only" for Son and both "back support" and "current support" for Daughter. |
| August 22, 1988 | The Washington court (1) determined "that the [Complaint] sets forth facts |

from which it may be determined that [Father] owes a duty of support or reimbursement for the dependents named in the [Complaint]" and (2) ordered the matter sent to the appropriate court "which court is requested to conduct such further proceedings as may be appropriate pursuant to its laws to enforce [Father's] duty of support[.]" The matter was thereafter sent to Maui, Hawaii where Father resides.

October 11, 1988 — Washington ex rel. Mother filed a petition (Hawaii Complaint) against Father in the Family Court.

July 10, 1989 — The Family Court entered an order dismissing "without prejudice" the Hawaii Complaint's request for continued support for Son, and granting continued support for Daughter. In this order, the Family Court concluded that it "has jurisdiction to determine whether adult child support is warranted for [Daughter]."

September 11, 1989 — Washington ex rel. Mother filed in the Family Court an amended petition (Amended Hawaii Complaint) containing a request for support for Son as long as he "continues his education post high school on a full–time basis at an accredited college or university, or in a vocational or trade school, or until said child attains the age of 23 years, whichever occurs first."

| | |
|---|---|
| October 9, 1989 | Family Court entered an order concluding "that it has jurisdiction to consider the issue of support for [Son], as set forth in the Amended [Hawaii Complaint] for continued support filed 9/11/89." |
| November 28, 1989 | The Family Court entered an Order Relating to Child Support requiring Father to pay child support of $55.00 per month per child "so long as said (each) child continues his/her education post high school on a full–time basis at an accredited college or university, or in a vocational or trade school, or until said (each) child attains the age of 23 years, whichever occurs first." This order was expressly based on the considerations that "[a]s of January 1, 1990, [Father's] sole source of income is social security benefits" and that the "court assumes [Mother] will claim [Son and Daughter] as dependents while they are attending college and for so long as they qualify as dependents." |
| November 28, 1989 | Family Court entered an Order Relating to Arrearage allowing the "set off of social security benefits paid on behalf of children against [Father's] child support obligation. Therefore, [Father's] child support obligations have been satisfied on a timely basis; no arrearage is owed." |

February 9, 1990     Family Court entered Findings of Fact and Conclusions of Law. In its findings the Family Court noted that the social security payments for Son and Daughter terminated on their 18th birthdays. Footnote 5 of the findings states:

> The provision in the Washington Divorce Decree giving [Father] the exemption is inapplicable as it relates to his child suppo[r]t obligation that terminated in Washington when the children reached age 18.
>
> [Father] received credit for [Mother's] claiming the children as dependents on her federal income tax returns in the SOLA [standard of living allowance] calculation of the child support guidelines. Were [Father] to claim the children as dependents, he would lose this credit and his monthly child support obligation would be incr[e]ased to $85.00 per child per month for a total of $170.00 per month.

## DISCUSSION

### I.

Father contends that Hawaii's Uniform Reciprocal Enforcement of Support Act, Hawaii Revised Statutes (HRS) Chapter 576 (1985) (HURESA), intends the responding state "to deal only with questions of delinquent child support[.] Modification of support is

dealt with exclusively under HRS Sec. 580–47[.]" In other words, Father's position is that if Mother seeks any relief other than the enforcement of Washington's September 29, 1972 Divorce Decree, as amended by Washington's March 30, 1978 order, she cannot use HURESA. We disagree. HURESA is not so limited.

URESA "simply provides a means for enforcing a duty of support as that duty may exist under the law of the responding state." *Ray v. Pentlicki*, 375 So. 2d 875, 877 (Fla. App. 1979). In Father's case, Hawaii is the responding state and HURESA applies.

HURESA states in relevant part as follows:

HRS § 576–1 **Definitions.** * * *

"Duty of support" includes any duty of support imposed or imposable by law, or by any court order, decree, or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance, or otherwise and includes the duty to pay arrearages of support past due and unpaid.

* * *

HRS § 576–21 **Choice of law.** Duties of support applicable under this law are those imposed or imposable under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

* * *

HRS § 576–23 **How duties of support are enforced; immunities unavailable; jurisdiction.** All duties of support, including the duty to pay arrearages, are enforceable by action commenced by complaint irrespective of relationship between the obligor and obligee.

HRS § 576–24   **Contents of complaint for support.** (a) The complaint shall be verified and shall state the name and, so far as known to the plaintiff, the addresses and circumstances of the defendant, the defendant's dependents for whom support is sought and all other pertinent information. The plaintiff may include in or attach to the complaint any information which may help in locating or identifying the defendant including, but without limitation by enumeration, a photograph of the defendant, a description of any distinguishing marks, other names and aliases by which the defendant has been or is known, the name of the defendant's employer, the defendant's fingerprints or social security number.

(b)   The court shall not decline or refuse to accept and forward the complaint on the ground that it should be filed with some other court of this or any other state where there is pending another action for divorce, judicial separation, annulment, dissolution, habeas corpus, adoption, or custody between the same parties or where another court has already issued a support order in some other proceeding and has retained jurisdiction for its enforcement.

\* \* \*

HRS § 576–27   **Duty of court of this State as initiating state.** If the court of this State acting as an initiating state finds that the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or the defendant's property, it shall so certify and shall cause three copies of (1) the petition (2) its certificate and (3) this chapter to be transmitted to the court in the responding state.

\* \* \*

HRS § 576–34   **Order of support.** If the court of the responding state finds a duty of support, it may order the defendant to furnish support or reimbursement therefor[.]

\* \* \*

HRS § 576–35.3   **Registration of foreign support orders.** If the duty of support is based on a foreign support order, the obligee has the additional remedies provided as follows:

(1)   The obligee may register the foreign support order in a court of this State in the manner, with the effect, and for the purposes herein provided.

\* \* \*

HRS § 576–40   **Application of payments.** Any order of support issued by a court of this State when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

We conclude that the plain language of HURESA authorizes Hawaii, when it is the responding state, to deal with all aspects of the defendant's duty of child support including, but not limited to, the duty to pay arrearages.

## II.

Father contends that Hawaii, the responding state, can change the amount of child support previously ordered by the initiating state, but it cannot change "other terms and conditions thereof applicable to the *duty* of support," especially its duration. Accord-

ing to him, "the changing of the *duration* requires retroactive modification of the substance of the original Decree, a change which is in direct violation of the full faith and credit clause of . . . the U. S. Constitution." We disagree. In our view, Father misunderstands the applicable law.

To the extent they are res judicata in the state where they were entered, judicial decrees pertaining to child support for any time prior to the filing of a URESA complaint in an initiating state (past due child support) are res judicata in Hawaii. *Smith v. Smith*, 3 Haw. App. 170, 647 P.2d 722 (1982). Past due child support, however, is not an issue in this case.

The issue we are dealing with involves child support for the time after the filing of the URESA complaint in an initiating state (prospective child support). HURESA §§ 576–21 and –40, state that there can be two or more valid court orders in effect at the same time. Under WURESA and HURESA, the existence of one or more valid court orders does not preclude the existence of one or more other valid court orders. *See* Annotation, *Construction and Effect of Provision of Uniform Reciprocal Enforcement of Support Act That No Support Order Shall Supersede or Nullify Any Other Order*, 31 A.L.R. 4th 347 (1984). Therefore, under WURESA and HURESA, when Washington is the initiating state and Hawaii is the responding state, (1) all of Washington's court orders pertaining to prospective child support are subject to Hawaii's right to order and enforce more or less than Washington ordered and (2) Hawaii is authorized to apply Hawaii law and decide both the amount and the duration of the prospective child support payable in Hawaii.

Thus, in this case, the fact that the children do not have any right in Washington to child support after age 18 and after October 11, 1988 when Mother's petition was filed in Family Court is inconsequential. HURESA § 576–40. Similarly, the possibility that Father's obligation to pay child support in Hawaii, the

responding state, is unenforceable in Washington, the initiating state, is irrelevant. *Id.*

Consequently, the facts that (1) a Washington court order required Father to pay child support only until each child attains majority, which in Washington and Hawaii is 18, and (2) Mother filed her WURESA petition before Daughter but after Son became 18 did not preclude the Family Court from ordering Father to pay child support for both Daughter and Son after their 18th birthdays. Under HURESA § 576–21, the relevant issue is whether the children have any right in Hawaii, the responding state, to child support after age 18 and October 11, 1988, the date the petition was filed in Hawaii. The answer is that Hawaii law accords both children a right to apply for and be awarded support after their 18th birthdays. HRS § 580–47(a) (Supp. 1989) states, in relevant part, as follows:

> Provision may be made for the support, maintenance, and education of an adult or minor child and for the support, maintenance, and education of an incompetent adult child whether or not the application is made before or after the child has attained the age of majority.

### III.

Father contends that Mother did not properly plead her request for child support after age 18 for both children because her request for it was not contained in her original verified Washington Complaint or in a properly verified amended complaint. We conclude that Mother's request was properly before the Family Court.

The Washington Complaint asked for "back support" but did not ask for "current support" for Son. That complaint resulted in the August 22, 1988 Washington Superior Court order forwarding the matter to Hawaii as the responding state. According to WURESA, Section 26.21.100 (1984) of the Revised Code of

Washington, which parallels HURESA § 576–27, the issues in Washington, the initiating State, were whether "the respondent owes a duty of support and that a court of the responding state may obtain jurisdiction of the respondent or his property[.]" The question of the existence of a duty of support is to be answered under the law of the responding state, which in this case is Hawaii. HURESA § 576–21. Nothing in the applicable law required Mother to state the specifics of her requests for prospective child support in her Washington Complaint. Facts, not prayers, need verification. The combination of HURESA § 576–21 and the fact that Father resides in Hawaii brought Mother's specific requests within the ambit of the rules of the courts of Hawaii, the responding state, not the rules of the courts of Washington, the initiating state. Nothing in the applicable law required the amendment of the verified Washington Complaint or the filing of a verified Hawaii motion when, after the case was forwarded by Washington and filed in Hawaii, Mother amended the specifics of her prayer for prospective child support.

### IV.

Father contends that the Family Court erred when it concluded that the provision in Washington's September 29, 1972 Divorce Decree awarding Father the federal income tax dependency deduction terminated when the children reached age 18. We agree.

Washington allowed Father "to claim the two children as exemptions on his Federal Income Tax returns so long as he is current in his support obligation." This allowance was not limited to Father's support obligation under Washington law or as decreed in Washington. It covers Father's support obligation as decreed by any court of competent jurisdiction, including Hawaii. Since the federal government may have some difficulty dealing with two valid but contradictory court orders, we understand why the

Family Court did not enter an order awarding Mother the federal income tax dependency deductions. Until it does, however, Washington's September 29, 1972 Divorce Decree contains the only court order applicable to the right to claim the federal income tax dependency deductions.

## CONCLUSION

Accordingly, we affirm the Family Court's November 28, 1989 Order Relating to Child Support. However, we vacate the first paragraph of footnote 5 of the Family Court's February 9, 1990 Findings of Fact and Conclusions of Law.

*Robert Warren Gibson*, respondent–appellant, pro se.

*G. Cher Foerster*, Deputy Attorney General (with her on the brief: *John Campbell, Jr., Judy Foster*, and *Rosemary McShane*) for petitioner–appellee.