**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000559
30-NOV-2023
07:53 AM
Dkt. 44 SO**

NO. CAAP-22-0000559

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN THE MATTER OF THEODORE K. KAOHU JR.,
aka Theodore Kawika Kaohu Jr., and Theodore Kawika Kaohu,
Responsible Parent-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-M NO. 15-1-6670; CSEA NO. 10730786)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

On April 12, 2022, self-represented Responsible Parent-Appellant Theodore K. Kaohu Jr., aka Theodore Kawika Kaohu Jr., and Theodore Kawika Kaohu (**Father**), filed a Motion and Affidavit for Post-Decree Relief (**Motion for Post-Decree Relief**) in the Family Court of the First Circuit (**Family Court**), seeking a retroactive modification of his child support obligation. Following a hearing on September 1, 2022, the Family Court denied the motion.

Father appeals from the "Order Dismissing [Father's] Motion and Declaration for Post-Decree Relief, Filed On April 12, 2022" (**Order**), entered on September 14, 2022, by the Family Court.[1]  For the reasons discussed below, we affirm the Order.

## I.  Background

The following background is drawn primarily from the Family Court's Findings of Fact and Conclusions of Law

---

[1]     The Honorable Lesley N. Maloian presided.

(**FOFs/COLs**), entered on December 6, 2022.  Father does not challenge the FOFs, which are therefore binding on appeal.  See In re Doe, 99 Hawaiʻi 522, 538, 57 P.3d 447, 463 (2002) (quoting Poe v. Haw. Labor Rels. Bd., 97 Hawaiʻi 528, 536, 40 P.3d 930, 938 (2002)).

For purposes of child support, Father is the "responsible parent" of three children (the **Children**).  See Hawaii Revised Statutes (**HRS**) § 576E-1 (2006) (definition of "responsible parent").  He has been incarcerated since December 3, 2011.

On April 23, 2015, the Child Support Enforcement Agency (**CSEA**) held an Administrative Child Support Hearing.  Father, who was incarcerated at Saguaro Correctional Center in Arizona, appeared remotely by video.  On June 17, 2015, CSEA reconvened the Administrative Child Support Hearing, to which father was transported to attend.  On July 9, 2015, CSEA filed in the Family Court the following documents issued by the Office of Child Support Hearings, initiating case FC-M No. 15-1-6670:  (1) the Administrative Findings and Order (**AFO 1**); and (2) the Original Income Withholding Order/Notice for Support (**IWO**).  Pursuant to AFO 1, among other things:  (A) Father was found to owe a duty of support for the Children in the amount of $77.00 per child per month, totaling $231 per month, commencing on April 1, 2015; (B) "[m]inimal child support was ordered because of FATHER's incarceration status"; and (C) no back child support was imposed.  The IWO ordered the withholding of Father's income in the specified amount for child support.  Father did not appeal from AFO 1 or the IWO.

On August 4, 2021, Father submitted a Request for Modification Letter to CSEA, which was treated as a request for modification of his child support obligation.[2]  Father requested that his support obligation be made $0.00 per month retroactive to the first date of his incarceration on December 3, 2011.

On January 5, 2022, CSEA held an Administrative Child Support Hearing.  Father, who remained incarcerated in Arizona,

_____

[2]     The Request for Modification Letter is described in FOFs 11 and 12, but is not part of the record on appeal.

appeared remotely by video. On March 3, 2022, CSEA filed the Administrative Findings and Order (**AFO 2**) in the Family Court. Pursuant to AFO 2, the Hearing Officer found: (A) Father's incarceration commenced on December 3, 2011 and his tentative release date is December 3, 2031; (B) Father had no source of income, property or assets for child support purposes; (C) pursuant to the Child Support Guidelines Worksheet, Father's presumptive child support obligation was $166 per month; (D) Father's lengthy incarceration was an exceptional circumstance, which warranted deviation of the presumptive child support obligation of $166 per month; (E) effective January 1, 2022, Father's child support obligation was reduced to $0.00 per month; and (F) Father's request to modify child support retroactively to December 3, 2011, was denied pursuant to Lindsey v. Lindsey, 6 Haw. App. 201, 716 P.2d 496 (1986). Father did not appeal from AFO 2.

On April 12, 2022, Father filed the Motion for Post-Decree Relief. The Family Court construed the motion as requesting: "1.) [a]n order to retroactively modify his child support obligation to $0.00 back to the date of December 3, 2011, the first date of his incarceration; [2].) [a]n order waiving past due child support owed to the State of Hawaiʻi, in the amount of $15,362, which began accruing on April 1, 2015, pursuant to [AFO 1]; and 3.) an order awarding him an $1,800 stimulus payment, which was seized by CSEA and applied to outstanding arrearages."

On September 1, 2022, the Family Court held a hearing on the Motion for Post-Decree Relief. Father appeared remotely from Saguaro Correctional Center in Arizona. The record does not include a transcript of the hearing; however, the uncontested FOFs state in relevant part:

> 31. At the conclusion of the hearing, the Court denied FATHER'S Motion. The Court cited Lindsey v. Lindsey, 6 Haw. App. 20[1], 716 P.2d 496 (1986), and denied FATHER's Motion to retroactively modify child support to $0.00 back to the date of his incarceration on December 3, 2011, to eliminate all child support arrearages in the amount of $15,362.

32. The Court found FATHER was initially incarcerated on December 3, 2011, which is over ten (10) years from the filing date of FATHER's Motion on April 12, 2022, and the instant Appeal. Father was incarcerated prior to the commencement of his child support obligation on April 1, 2015, and remained in custody as of September 1, 2022, the date of the hearing.

33. The Court also found FATHER's request to reduce his monthly child support payment to $0.00 was moot. Effective January 1, 2022, CSEA reduced FATHER's child support obligation to $0.00.

34. FATHER made no requests regarding his stimulus payment.

On September 14, 2022, the Family Court entered the Order. The Family Court concluded, among other things, that: (1) it had jurisdiction over the parties and the subject matter of the action; (2) Father's request to modify his child support obligation prospectively to $0.00 was moot, given that AFO 2 set Father's payment amount at $0.00 per month, commencing January 1, 2022; (3) Father's request to retroactively reduce his child support obligation to $0.00 to December 3, 2011, was barred, pursuant to Lindsey, 6 Haw. App. at 204, 716 P.2d at 499, which ruled that "court-ordered child support payments may be modified prospectively but not retroactively . . . , except pursuant to Rule 60, Hawaii Family Court Rules [(**HFCR**)]"; and (4) none of the grounds for relief identified in HFCR Rule 60 were alleged or applicable in this case. The Family Court thus ruled that Father was not entitled to a retroactive modification of his child support obligation to the date of his incarceration on December 3, 2011.

## II. Discussion

On appeal, Father appears to contend that the Family Court erred in denying his request to retroactively reduce his child support obligation to $0.00 to the date of his incarceration on December 3, 2011.[3] In response, CSEA argues

---

[3] Father's opening brief fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b) in numerous material respects. For example, the opening brief generally fails to provide: (1) "record references supporting each statement of fact or mention of court . . . proceedings" in the statement of the case, as required by HRAP 28(b)(3); (2) a "concise statement of the points of error set forth in separately numbered

(continued...)

that: (1) the Family Court lacked subject matter jurisdiction to decide the Motion for Post-Decree Relief because "Father failed to follow the proscribed appeal process for review of an administrative order"; and (2) the Family Court correctly denied Father's request for retroactive modification of child support.

We address CSEA's jurisdictional argument first, before turning to Father's contention.

## A.    The Family Court's Subject Matter Jurisdiction

CSEA contends that the right to appeal a CSEA decision is established by HRS § 576E-13,[4] Hawaii Administrative Rules (**HAR**) § 5-34-24,[5] and HFCR Rule 72,[6] which provide that any

---

[3]    (...continued)
paragraphs[,]" as required by HRAP 28(b)(4); (3) a statement of "where in the record the alleged error[s] [were] objected to or the manner in which the alleged error[s] [were] brought to the attention of the court," as required by HRAP 28(b)(4); and (5) "citations to the . . . parts of the record relied on" in the argument section, as required by HRAP 28(b)(7). In addition, the argument section is conclusory and often difficult to discern. Nevertheless, because we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible[,]'" we address Father's arguments to the extent they are discernible. Morgan v. Planning Dep't, Cnty. of Kauai, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).

[4]    HRS § 576E-13 (2018) states, in relevant part:

> (a) Any party, including the agency, who is aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review under chapter 91.
>
> (b) Proceedings for review shall be instituted in the family court of the circuit where the final decision and order was filed within thirty days after the preliminary ruling or within thirty days after service of the certified copy of the final decision and order of the hearings officer or agency. The filing of a notice of appeal shall not stay enforcement of the administrative order.

[5]    HAR § 5-34-24 (2001) states:

> (a) Any party aggrieved by an administrative order is entitled to judicial review in conformance with sections 91-14 and 576E-13, Hawaii Revised Statutes.
>
> (b) The parties on appeal shall follow applicable rules of the family courts and appellate procedure.
>
> (c) The thirty-day period for filing a notice of appeal with the family court may be extended for good cause
(continued...)

person aggrieved by a final decision and order in a contested case, or a preliminary ruling as specified in HRS § 576E-13, may request judicial review by filing a notice of appeal in the Family Court within 30 days after the preliminary ruling or after service of the certified copy of the final decision and order. CSEA argues that because Father failed to file a notice of appeal from AFO 2 within the required time period, "the Family Court lacked subject matter jurisdiction to hear Father's Motion[,] which was in substance requesting an appeal of [AFO 2]."

CSEA's argument disregards HRS § 571-14 (2018). Section 571-14(a) states, in relevant part:

> [T]he [family] court shall have exclusive original jurisdiction:
>
> . . . .
>
> (6)   In all proceedings for support between parent and child or between husband and wife[.]
>
> . . . .
>
> In any case within paragraph . . . (6), the attorney general, through the child support enforcement agency, may exercise concurrent jurisdiction as provided in chapter 576E.

In turn, HRS § 576E-3 (2018) states, in pertinent part:

> Notwithstanding any other law to the contrary, the attorney general, through the [CSEA], shall have concurrent jurisdiction with the [family] court] over:
>
> (1)   Any person found within the State of Hawaii against whom a child support obligation may be established, modified, suspended, terminated, or enforced; and
>
> (2)   Any person without the State who has maintained a domicile in this State while involved in a marital or family relationship out of which arises a claim for child support, including any person against whom a Hawaii court or agency has entered a support order.

---

[5]   (...continued)
shown upon written motion or request submitted to the administrator within the thirty-day period.

[6]   HFCR Rule 72(a) states, in relevant part:  "Where a right of appeal to the family court is allowed by statute, any person or party allowed by statute may appeal from such decision, order or action by filing a notice of appeal in the family court having jurisdiction of the matter."

See <u>Child Support Enf't Agency v. Roe</u>, 96 Hawaiʻi 1, 12, 25 P.3d 60, 71 (2001) ("HRS § 576E-3 . . . gives 'the attorney general, through the CSEA, concurrent jurisdiction with the court' to enforce child support obligations." (brackets omitted)); <u>Black's Law Dictionary</u> 1017 (11th ed. 2019) (defining "concurrent jurisdiction" in part as "[j]urisdiction that might be exercised simultaneously by more than one court over the same subject matter and within the same territory . . . .").

Here, Father filed the Motion for Post-Decree Relief in Family Court case FC-M No. 15-1-6670, seeking a retroactive modification of his child support obligation. The Family Court had subject matter jurisdiction over the motion pursuant to HRS § 571-14(a), as part of a "proceeding[] for support between parent and child or between husband and wife[.]" The CSEA's jurisdictional argument is therefore without merit.

## B.    Modification of Child Support

In his opening brief, Father argues that his child support obligation "should have been set at zero dollars from the beginning of his incarceration" under HAR § 5-31-23; during his incarceration, he "was not informed," pursuant to HRS § 576D-6(11), of his "right to request the agency to review, and if appropriate,[ ]adjust the order of support pursuant to the guidelines established under HRS § 576D-7"; "it was appropriate to use HRS and adjust the order because of [Father's] INCARCERATION"; "[Father's] poverty level does NOT fit the criteria to meet monthly [c]hild support payments"; and "[he] never received any notice from CSEA about any child support payments." Father also asserts that the Family Court should have granted his request "[to] have CSEA's administration pay back to [Father] his $1,800.00 [stimulus], and some change which they took from IRS."

Generally, if a party does not raise an argument at the trial level, that argument will be deemed to have been waived on appeal. <u>See</u> <u>Cnty. of Hawaiʻi v. C & J Coupe Family Ltd.</u>, 119 Hawaiʻi 352, 373, 198 P.3d 615, 636 (2008) (quoting <u>State v. Moses</u>, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003)); <u>see</u> HRAP

7

28(b)(4)(iii). Here, Father's opening brief fails to state where in the record each of his current arguments was brought to the attention of the Family Court, as required by HRAP 28(b)(4). In addition, Father did not provide this court with a transcript of the September 1, 2022 hearing on the Motion for Post-Decree Relief. See HRAP Rule 11(a) ("It is the responsibility of each appellant to provide a record . . . that is sufficient to review the points asserted and to pursue appropriate proceedings in the court or agency appealed from to correct any omission."); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (brackets omitted) (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984))). We are thus left to glean Father's arguments below from the Motion for Post-Decree Relief itself and the Family Court's description of the September 1, 2022 hearing on the motion.[7] These sources do not reflect Father's current arguments that he did not receive proper notice of his child support obligation or his right to request CSEA review of related orders. These arguments are thus deemed waived.

The Motion for Post-Decree Relief does reflect, however, that Father requested "an order to cancel all debt of [a] non-custodial parent who is currently incarcerated" (formatting altered) and to be paid "back [his] $1800.00 stimulus . . . ." The Family Court also fairly construed Father's requests as seeking an order to retroactively modify his child support obligation to $0.00 back to the date of December 3, 2011, the first date of his incarceration.

It is well settled that court-ordered child support payments may be modified prospectively but not retroactively,

---

[7] It appears that Father also filed a request to appear remotely for a June 23, 2022 hearing on the Motion for Post-Decree Relief (later continued to September 1, 2022), which was received by the Family Court on May 23, 2022, and approved. In the request, Father also asserts that "[t]he Child support guidelines were improperly utilized" and appears to rely on "[HRS] § 576D-7(1), (7) Balancing the Standard of living of both parents."

except pursuant to HFCR Rule 60.  See HRS § 576E-14(b); Lindsey, 6 Haw. App. at 204, 716 P.2d at 499 (citing Smith v. Smith, 3 Haw. App. 170, 647 P.2d 722 (1982)); Smith, 3 Haw. App. at 174, 647 P.2d at 725 (applying HRS § 580-47(d)); see Bantolina v. Bantolina, No. CAAP-14-0001371, 2016 WL 4555870, at *4 (Haw. App. Aug. 31, 2016) (mem.) (applying Lindsey).  Under HFCR Rule 60(b), "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from any or all of the provisions of a final judgment, order, or proceeding" for a variety of reasons.  Any such motion "shall be made within a reasonable time[.]"  HFCR Rule 60(b).

Here, the Family Court did not err in concluding that Father's request to retroactively reduce his child support obligation to $0.00 back to December 3, 2011, was legally barred.[8]  Moreover, Father did not invoke HFCR Rule 60(b) in the Motion for Post-Decree Relief or, based on the record before this court, during the September 1, 2022 hearing on the motion.  And, on appeal, Father does not contend that the Motion for Post-Decree Relief established any of the bases for relief set forth in HFCR Rule 60(b) or that the Family Court erred in failing to treat the motion as an HFCR Rule 60(b) motion.[9]  See HRAP Rule 28(b)(4), (7).  Because none of the grounds for relief under HFCR Rule 60 were alleged or established in this case, Father was not entitled to relief under the rule, and the Family Court did not err in so ruling.  See In re RBG, 123 Hawai‘i at 27-30, 229 P.3d at 1092-95 (ruling that mother failed to establish basis for relief under HFCR Rule 60(b)(6)).

_____

[8]  Accordingly, the Family Court did not err in denying Father's request to have the CSEA "pay back" the $1,800.00 stimulus amount, which appears to have been based on Father's request to have his child support obligation retroactively reduced to $0.00.  The record does not indicate that Father's other arguments on appeal were raised below and thus they are deemed waived.

[9]  Relief pursuant to HFCR Rule 60(b)(6), for example, is extraordinary, and the movant must show that:  (1) the motion is based on some reason other than those specifically stated in clauses 60(b)(1) through (5); (2) the reason is such to justify the relief; and (3) the motion is made within a reasonable time.  Hayashi v. Hayashi, 4 Haw. App. 286, 290, 666 P.2d 171, 174 (1983) (citing 7 Moore's Federal Practice ¶ 60.27[3] (2d ed. 1982)); In re RBG, 123 Hawai‘i 1, 19, 229 P.3d 1066, 1084 (2010) (quoting Hayashi).

## III. Conclusion

For the reasons discussed above, we affirm the "Order Dismissing [Father's] Motion and Declaration for Post-Decree Relief, Filed On April 12, 2022," entered on September 14, 2022, by the Family Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, November 30, 2023.


On the briefs:

Theodore K. Kaohu Jr.
Self-represented Responsible
Parent-Appellant.

Mark T. Nugent,
Deputy Attorney General,
for Child Support Enforcement
Agency-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge